THE WESTERN UNION TELEGRAPH COMPANY *vs.* COHEN.

If a telegraph company receives a message for transmission over its lines, and it does transmit the same, it must do so correctly. If this cannot be done by reason of storms or other atmospheric influences, the company will be excused for the non-transmission of the message. But if it be transmitted, and there should be such changes or alterations in it as to cause the sender damage, the company wou'd be liable therefor.

(*a.*) The verdict was demanded by the evidence, and errors in the charge did no harm.

December 21, 1884.

Telegraph Companies. Damages. Verdict. Before Judge ÈVE. City Court of Richmond County. June Term, 1884.

Reported in the decision.

BIGBY & DORSEY ; FOSTER & LAMAR, for plaintiff in error.

C. H. COHEN, for defendant.

BLANDFORD, Justice.

Defendant in error brought his action against plaintiff in error to recover damages for having changed a certain message sent by defendant in error to his correspondent in New York. The message directed the agent to sell certain stock for sixty-six; as it was received, it read fifty-six. The plaintiff below had a verdict. Defendant moved for a new trial, which was refused, and this refusal is assigned as error.

If a telegraph company receives a message for transmission over its lines, and it does transmit the same, then it must be transmitted correctly at all events. If the same cannot be transmitted by reason of storms or other atmospheric influences, the company will be excused for the non-transmission of the message; but if the message be transmitted, and there should be such change or alteration

in the same as to cause the sender damage, the company would be liable for such damage. Nothing would excuse the company for such neglect but some intervening cause, such as a sudden storm, whereby the company would be unable to ascertain whether the message, as received, was the same as that sent. Telegraph companies generally, and in all instances except a sudden interference and natural disturbance, have the means at hand to know and ascertain whether a message sent has been altered or changed in its transmission, and they must, at their peril, see to it that all messages are sent and delivered without alteration or change. The evidence in this case is so strong and satisfactory as to demand the verdict rendered by the jury. And although there are errors committed by the court in its charges and refusals to charge the jury, yet, under the decisive character of the evidence, such errors could not hurt plaintiff in error, as the verdict is right, no matter what the court may have charged.

Judgment affirmed.