[No. 378. March 21, 1889.]

# THE WESTERN UNION TELEGRAPH COMPANY, PLAINTIFF IN ERROR, v. ROBERT H. LONG-WILL, DEFENDANT IN ERROR.

CORPORATIONS—TELEGRAPH COMPANY—TRESPASS ON THE CASE—SUFFI-CIENCY OF DECLARATION AFTER VERDICT AND JUDGMENT—PLEADING. In an action of trespass on the case against a telegraph company, a declaration, though general and uncertain in its terms, will be deemed sufficient, after verdict and judgment, when unchallenged by de-murrer, and the uncertainty and insufficiency is supplied by proof admitted without objection.

ID.—NATURE OF EMPLOYMENT AND LIABILITY OF TELEGRAPH COMPANIES—CONTRACT WITH CONDITIONS ANNEXED FOR EXEMPTION FROM LIA-BILITY.—A telegraph company is a carrier of news for hire, and, though not an insurer of the safe delivery of messages, its obligations, like those of common carriers, spring from the public nature of its employment, and the contract under which the particular duty is as-sumed. In that relation it owes to both the sender and receiver of messages the duty of care and good faith, and will be held for want of proper care, by itself and its servants and agents, in the perform-ance of that duty, from which it can not escape by any attempted exemption from such liability by conditions annexed to its contracts. Though it may make reasonable regulations for the proper and safe conduct of its business, and has the power to contract with the sender of a message, so as to relieve it from liabilities for inadvertencies, it will not be relieved for gross negligence, or bad faith.

ID. —TELEGRAPH COMPANY, SUIT AGAINST OF TRESPASS ON THE CASE—NEG-LIGENCE—MEASURE OF DAMAGES.—In an action of trespass on the case, by a physician and surgeon, against a telegraph company for damages laid in the declaration at $1,000, for negligence in not deliv-ering a message, summoning him to make a professional visit, until it was too late, and the call had been countermanded, where a judg-ment was rendered for $500 damages, the jury having found that sum a reasonable compensation for the services to have been rendered, and the evidence was that the sender of the message was solvent, and that plaintiff was engaged in active practice and had cases under his charge, from which he earned fees during the time it would have taken him to make the prevented visit, but it did not appear what those earnings were—Held: The proper measure of damages was the difference between the sum allowed and what plaintiff earned during the time he would have been absent on such visit.

ERROR, from a judgment in favor of plaintiff, to the First Judicial District Court, Santa Fe County. Judgment affirmed conditionally on defendant in error remitting $100, and paying the costs of the court; otherwise judgment to be reversed and new trial ordered.

The facts are stated in the opinion of the court.

CATRON, THORNTON & CLANCY for plaintiff in error.

The English courts have uniformly held that the receiver of a message has no right of action against a telegraph company. 8 Am. and Eng. Corp. Case, 65, note; 8 Suth. on Damages, 314; 14 Fed. Rep. 723.

In this country the opposite doctrine is held, so far as decisions have been made. But it can scarcely be said that the question is conclusively settled as to which doctrine will finally be adopted. It is clear there can be no privity of contract between the telegraph company and the receiver of a message, although in one case in South Carolina the court held otherwise. Aiken v. Telegraph Co., 5 Rich. 358.

Special damage must be pleaded specially and circumstantially, and this the declaration fails to do. 1 Chitty Pl., p. 395, et seq.; Sedg. on Damages, 575, et seq.; Thompson on Neg. 1250.

The evidence fails to show any legal damages. Clay v. Telegraph Co., 6 Southeastern Rep. 813; Smith v. Telegraph Co., 83 Ky. 104.

Plaintiff can not recover, having made no claim in writing within sixty days. Such a regulation is reasonable and valid. Western U. Tel. Co. v. Jones, 95 Ind. 228; Southern Express Co. v. Caperton, 44 Ala. 101; Herman v. Western Union Tel. Co., 57 Wis. 562; Southern Express Co. v. Caldwell, 21 Wall. 265; Wolf v. Western Union Tel. Co., 62 Pa. St. 83; Young v. Same, 65 N. Y. 163; Lewis v. R'y Co., 5 H. & N.

867; Western Union Tel. Co. v. Meredith, 95 Ind. 93. And it is binding on the receiver of a telegram. Ellis v. Telegraph Co., 13 Allen, 237, 238; Telegraph Co. v. Neill, 57 Tex. 283; Aiken v. Telegraph Co., 5 Rich. 370-372.

That a party has not read the regulations makes no difference. Ellis v. Tel. Co., 13 Allen, 237, 238; Breeze v. Tel. Co., 48 N. Y. 139-142; Cole v. Tel. Co., 8 Am. and Eng. Corp. Cases, 45; Grinnell v. Tel. Co., 113 Mass. 299; Telegraph Co. v. Edsall, 63 Tex. 675.

In actions ex contractu, to recover damages from an employer for preventing his employee from carrying out the contract, the plaintiff must prove, not only what he would have received under the contract, but also what he did receive from any other employment he may have been able to secure, the difference between the two being the measure of damages. Hunt v. Crane, 33 Miss. 669; Fowler v. Waller, 25 Tex. 701, 702; Whitaker v. Sandifer, 1 Duval (Ky.), 262; Chamberlain v. McAlister, 6 Dana. (Ky.) 352.

In cases ex delicto, all that can be recovered is compensation for the actual injury. 2 Sedg. on Damages, [7 Ed.] 314, et seq.

W. B. SLOAN for defendant in error.

The burden was on the defendant to show it was unable to deliver the message in time. Western Union Tel. Co. v. Ganger, 84 Ind. 176; Pope v. Western Union Tel. Co., 9 Ill. App. 283.

The defendant having failed to deliver the message the burden of proof was on it to show that the failure arose from a cause for which it was not legally responsible to answer. Baldwin v. N. Y. Tel. Co., 45 N. Y. 744; 30 How. Pr. 413; D'Rute v. N. Y. Tel. Co., 1 Daily, 547; Turm v. Honepey Tel. Co., 41 Iowa, 458; Bartlette v. Western Union Tel. Co., 62 Me. 209; Western Union Tel. Co. v. Carew, 15 Mich. 525; Taylor v.

W. Tel. Co., 74 Ill. 168; 60 Ill. 421; 26 Iowa, 423; 29 Md. 232.

The defendant is liable to the receiver of a message for the damages he has sustained by reason of its negligence in the transmission and delivery of the message. N. Y. Tel. Co. v. Dryburg, 35 Pa. St. 298; Wharton on Neg., sec. 758; 78 Am. Dec. 341.

A regulation to protect the company from responsibility for gross negligence or fraud is void. 33 Fed. Rep. 362; Candee v. Western Union Tel. Co., 34 Wis. 471; 71 Am. Dec. 473; Telegragh Co. v. Fenton, 52 Ind.

The company is liable for such damages as naturally result from its failure to deliver the message with reasonable diligence. Truce v. International Tel. Co., 60 Me. 27, 11 Am. Rep. 169; Mauvel v. W. U. Tel. Co., 37 Iowa, 218; 13 Cal. 422 (73 Am. Dec. 589); Tyler v. W. U. Tel. Co., 60 Ill. 427; Western Union Tel. Co. v. Buchmen, 35 Ind. 440, 52 Am. Rep. 409; Wharton on Neg., sec. 758.

Telegraph companies are common carriers, and are subject to the same rules. 73 Am. Dec. 589. As such they may limit their common law liability by special contract, provided such special contract does not attempt to cover losses by negligence or misconduct. York v. Central R. R., 3 Wall. 107; R. R. Co. v. Lockwood, 17 Wall. 357.

The English doctrine that a telegraph company is not liable to the receiver of a message for nondelivery (Dickson v. Tel. Co., 2 C. P. Div. 62; Playford v. Tel. Co. L. R., 42 B. 707) is nowhere followed in this country. The American judges and writers hold to the contrary. Gray on Telegraph, sec. 65; Wharton on Neg., sec. 758; Suth. on Damages, 314; Shear. & R. on Neg., sec. 560; Thompson on Neg., p. 847, sec. 11.

The same reasons which make void the contracts of a common carrier for exemption from the consequences of its own negligence, or that of its agents or

servants, apply with equal force to similar agreements, rules, or notices, by which a telegraph company seeks immunity from all responsibility for its negligence. Sweatland v. Ill. & Miss. Tel. Co., 27 Iowa, 432; Telegraph v. Griswold, 37 Ohio St. 313; Mauvel v. Tel. Co., 37 Iowa, 214; Graham v. Tel. Co., 1 Cal. 230; Bloucherd v. Tel. Co., 68 Ga. 299; 'Tyler v. Tel. Co., 60 Ill. 421; 74 Ill. 168; U. S. Tel. Co. v. Wenge, 55 Pa. St. 262; True v. Tel. Co., 78 Pa. St. 288; Candee v. Telegraph Co., 34 Wis. 471; Gray on Telegraphic Co's, secs. 50, 51, 52; Telegraph Co. v. Cohen, 73 Ga.; Dryburg v. Telegraph Co., 35 Pa. St. 298; Telegraph v. Brown, 58 Tex. 170; Bartlett v. Tel. Co., 62 Me. 209; Telegraph Co. v. Fountain, 58 Ga. 433; Hibbard v. Tel. Co., 33 Wis. 558; Parks v. Alta Tel. Co., 13 Cal. 432; see, also, Styles' Assignee v. Western Union Tel. Co., 15 Ark (No. 12, Pacific Rep.); White v. Western Union Tel. Co., 14 Fed. Rep. 710; Western Union Tel. Co. v. McKibben, 14 Ind. (Northeastern Rep.) 894; Johnson v. Western Union Tel. Co., 33 Fed. Rep. 362; Western Union Tel. Co. v. Cobb, 47 Ark. 344; Hart v. Western Union Tel. Co., 66 Cal. 579.

It can not contract against its own negligence. Tel. Co. v. Griswold, 37 Ohio St. 301, 313.

A telegraph company is the agent of the receiver of a message. 35 Pa. St. 299; 78 Am. Dec. 338.

The receiver of a message is unaffected by any stipulation or contract between the company and the sender. 33 Fed. Rep. 362; 55 Am. Rep. 497; W. U. Tel. Co. v. Fenton, 52 Ind. 1; McCall v. W. U. Tel. Co., 44 N. Y. Sup. 487.

Where two parties make a contract expressly for the benefit of a third party, such third party may sue upon it. Lawrence v. Fox, 20 N. Y. 268; Burr v. Beers, 24 N. Y. 178; Steman v. Harrison, 42 Pa. St. 49; Shear. & Redf. on Negligence, sec. 560; 33 Fed. Rep. 365.

A telegraph company is responsible to the receiver

of a message for any misfeasance by which he is in-
jured.   N. Y. & Wash. Tel. Co. v. Dryburg, 35 Pa.
St. 298; 78 Am. Dec. 331; Sailor v. W. U. Tel. Co., 3
Am. Law Rep. 777; Green's Brice's Ultra Vires, p. 269;
Wadsworth v. W. U. Tel. Co., Sup. Ct. App. (1888),
Southwestern Rep., vol. 8, 574.

As to the rule of damages between the receiver of
a message and the company sending it, see Western
Union Tel. Co. (Ind.), vol. 14, no. 10, Northwestern
Rep., p. 894, which is in point.   See, also, Hadley v.
W. U. Tel. Co., Northwestern Rep. vol. 15, no. 10, p.
894; 30 Ohio St. 555; 16 Nev. 223; 45 N. Y. 744; 29
Md. 232; 21 Minn. 154; 9 Exch. 341; 34 Wis. 471.

The damages recovered in the case at bar are
neither remote nor speculative, but within the line of
decisions already cited, viz.: Shearman & Redfield on
Neg., sec. 605, p. 692; Relle v. W. U. Tel. Co., 55 Tex.
303; 40 Am. Rep. 805; Stuart v. Tel. Co., 66 Tex. 580;
59 Am. Rep. 623; Levee Case, 59 Tex. 542; 46 Am.
Rep. 269.   Also the following cases sustaining the court
below. 1 Cal. 230; 69 Me. 9; 33 Wis. 558; 34 Id. 471;
55 Tex. 308; 58 Id. 394; 73 Am. Dec. 589; Shear.
& Redf. on Neg., secs. 600, 601; 54 Barber (S. C.), 505;
52 Ind. 1.

Finely printed matter does not enter into or form
a contract between the parties (R. R. tickets) nor raise
a presumption that the holder is aware of the limitations
or condtions.   Slosson, Respondent, v. Dodd, Presi-
dent Dodd's Express, 4 Hand. (N. Y.) 254; Butler v.
Heans, 2 Comb. 415; Davis v. Miller, 2 Stark, 279;
Hallerter v. Newlin, 19 Wend. 234; Cole v. Goodwin,
Id. 251; 2 Greenlf. Ev., sec. 215.

After a passenger has purchased a ticket which
contains a notice to which his attention was not called
at the time of purchase, his rights are not affected by
his reading such notice after he purchased the ticket
and entered upon his journey.   49 N. Y. 263; Pouch
v. N. Y. Central R. R. Co., 3 Tm. Rep. 525.

HENDERSON, J.—This is an action of trespass on the case, brought by the defendant in error against the Western Union Telegraph Company, to recover damages on account of alleged negligence in not delivering a telegram sent to him from Springer, New Mexico, on the evening of the fourteenth of January, 1884. Plaintiff resided at Santa Fe, where the message was addressed, and was a physician and surgeon. The purpose of the telegram was to summon him from Santa Fe to Springer to attend a person suffering from a gunshot wound. The message was not delivered until after 9 o'clock in the forenoon of the fifteenth. The telegram requested the presence of the plaintiff below that night. Two trains—one at 9 o'clock that night and one at 9 o'clock the next morning—had departed after the sending and receipt of the message at Santa Fe, and before the delivery to plaintiff. The telegraph office was in an adjoining building to the drug store, where he kept his office, and was usually found, and within one hundred and fifty or two hundred yards of his residence. He was a well known resident of the city, and at home at the time the message should have been delivered. The declaration is in the usual form, except that it does not state with much fullness of detail the special circumstances of his legal injury. The defendant pleaded the general issue, and a special plea setting up the fact that the message was transmitted upon certain conditions, which are set out in the message put in evidence. One condition was that the company would not be held liable for unrepeated messages. The other was that unless the person injured should within sixty days present a claim in writing, demanding damages from the company, it would be exonerated from all liability. The message was unrepeated. No demand in writing, claiming damages, was filed with the company within sixty days.

Plaintiff testified that he would have made the visit

to Springer, but was prevented by the negligence of the company in not delivering the message until after train time, and that during the day of the fifteenth he was advised by another telegram from the same parties not to come, as it was too late. The injured man died on the fifteenth. He also testified that he would have charged $500 for the trip and professional services, and that such sum would have been a reasonable charge. His testimony was supported by another physician as to the reasonableness of the charge and the value of the proposed services. It also appeared in evidence that it would have required four or five days, including traveling time, to have completed the trip and treatment of the patient. During this time plaintiff admits that he was regularly engaged in the practice of his profession at Santa Fe, and had several patients in charge, but he says he would have made more by going to Springer, as that would have been a consultation fee.

The senders of the telegram were solvent. The damages claimed in the declaration were $1,000. The judgment recovered was for $500. At the conclusion of the evidence the defendant moved the court to instruct the jury to find for the defendant, and suggested reasons therefor. The court refused, and an exception was taken and saved. Exceptions were taken to the refusal of the court to charge the jury as requested in instructions numbered 3 and 4 moved by defendant, and for giving an instruction by the court of its own motion. Fourteen errors are assigned. The principal propositions discussed, however, may be ranged under the first, to the effect that the declaration and record do not disclose any legal cause of action against the defendant below; third, that the verdict is not supported by the evidence of the amount of damage sustained by the plaintiff, if any; fourth, that the plaintiff did not within sixty days present his claim in

writing for the damages sued for; seventh, that the court erred in instructing the jury of its own motion as appears in the record.

Upon the first assignment, we think it sufficient to say that there appears to have been no demurrer, either general or special, to the declaration. Nor was there any objection made to the introduction of evidence, because there was no averment in the declaration under which evidence of plaintiff's damages could be received. While the statement in the declaration is in very general terms, it will be deemed good after verdict and judgment, when left unchallenged by the ordinary modes of reaching a formal insufficiency or uncertainty. The proof offered supplied the want of accuracy of allegation, and was admitted without objection. The appellant company is a corporation engaged in the business of transmitting news for hire. It owes a duty to the public. Want of proper care and diligence in the performance of this duty to the defendant in error is the gravamen of his action. The defendant company sustained, strictly speaking, no contractual relations with the plaintiff, but it owed a duty to him by reason of its public character to perform its obligations, not only to the sender of the message, with whom it did have contractual relations, but to the plaintiff as well. The injury sustained by the plaintiff was caused directly and immediately by the negligence of the defendant's agents and servants in not delivering the message within a reasonable time. It is urged on behalf of the plaintiff in error that no action can or ought to be maintained by the plaintiff for the reason that he was only the receiver, and not the sender, of the message, and that the action would only lie, if at all, by the sender of the message, on the contract entered into and embodied in the message or blank forming part of it. This is the rule in England. Playford v. United King-

*TRESPASS on case: sufficiency of declaration after verdict and judgment: liability of telegraph companies.*

dom Telegraph Co., L. R. 4 G. B. 706; Dickson v. Renter Telegraph Co., 2 C. P. Div. 62; Feaver v. Montreal Telegraph Co., 23 U. C. C. P. 150. Mr. Sutherland, in his work on Damages, states the rule to be different in this country, and uses the following language: "In this country a different doctrine prevails. The company's employment is of a public character, and it owes the duty of care and good faith to both the sender and receiver." And, further continuing the subject, referring to the case of New York Telegraph Co. v. Dryburg, 35 Pa. St. 298, says: "It was ruled that, though not insurers of the safe delivery of what is intrusted to them, their obligations, like those of common carriers, sprang from the public nature of their employment, and the contract under which the particular duty is assumed." 3 Suth. Dam. 314. That this is the American doctrine needs no further citation of authorities.

It is contended on behalf of the plaintiff in error that the condition annexed to the message imparted notice to the plaintiff below that the company would not be liable for any damages unless a claim in writing should be filed with the company within sixty days from the date of its receipt by him. That, it is urged, is not a contract for entire immunity from legal liability on account of the negligence or want of care of defendant's servants and employees, but it is a reasonable regulation, made necessary by the nature and character of its business, and does not violate any principle of public policy. "Telegraph companies may make reasonable regulations for the safe and proper conduct of their business, and have power to contract with the sender of the message, so as to relieve themselves from liability for inadvertencies, but not for gross negligence, misconduct, or bad faith." 3 Suth. Dam. 296; Western Union Telegraph Co. v. Carew, 15 Mich.

CONTRACT: exemption from liability: negligence.

525; United States Telegraph Co. v. Gildersleve; 29 Md. 248; Western Union Telegraph Co. v. Graham, 1 Col. 230; Western Union Telegraph Co. v. Fontaine, 58 Ga. 433; True v. International Telegraph Co., 60 Me. 9; Western Union Telegraph Co. v. Buchanan, 35 Ind. 429; Western Union Telegraph Co. v. Fenton, 52 Ind. 1; Candee v. Western Union Telegraph Co., 34 Wis. 471; Sweatland v. Illinois Telegraph Co., 27 Iowa, 433; Breese v. U. S. Telegraph Co., 48 N. Y. 132; Grinnell v. Western Union Telegraph Co., 113 Mass. 299; Passmore v. Western Union Telegraph Co., 78 Pa. St. 238. The instruction given by the court of its own motion, which is made a ground of error, is in line with the doctrine announced in the foregoing cases. Counsel for defendant, however, insists that the charge is not applicable to the defense based on the sixty-day condition constituting part of the contract of transmission and delivery of the message, and was misleading and erroneous. If the sender of a telegraphic message can not enter into a contract with a telegraph company so as to enable the company to relieve itself from all liability, not only from inadvertencies, but for gross negligence, misconduct, or bad faith, we do not see why the same rule, founded upon public policy, would not preclude the public carrier from contracting for a conditional liability on account of the negligence of its employees. This is not a regulation in any degree essential to the proper discharge of its business. Whether a liability has been incurred or not is the business of the company to know. Telegraph companies are bound to employ competent and faithful agents, who will perform their duties with a degree of care and diligence proportioned to their delicacy and importance.

In Railroad Co. v. Lockwood, 17 Wall. 357, Mr. Justice BRADLEY, after an exhaustive discussion of the

question of the power of the common carrier to stipulate for exemption from liability on account of negligence, or want of proper care on the part of the carrier or its agents, sums up the conclusions of the court as follows: "(1) That a common carrier can not stipulate for exemption from responsibility, when such exemption is not just or reasonable in the eye of the law; (2) that it is not just and reasonable in the eye of the law for a common carrier to stipulate for exemption from responsibility for the negligence of himself or his servants." While the weight of authority is perhaps against classing a telegraph company as a common carrier, still the same reason that makes void the contracts of common carriers for exemption from responsibility for the negligence of the carrier or its employees, makes void the same kind of contracts of telegraph companies. Telegraph Co. v. Blanchard, 68 Ga. 299; Tyler v. Telegraph Co., 60 Ill. 421; Telegraph Co. v. Cohen, 73 Ga. 522; Telegraph Co. v. Dryburg, 35 Pa. St. 298; Telegraph Co. v. Brown, 58 Tex. 170. While telegraph companies are not charged with all the duties and responsibilities of common carriers, they can not contract for restriction of liability for injuries occasioned by culpable negligence or gross carelessness, or willful misconduct of their employees. White v. Telegraph Co., 14 Fed. Rep. 710.

The courts are divided in opinion as to whether a stipulation between the sender of a message and the company, providing that a claim for damages shall be presented within a day named, or within a reasonable time, can be entered into and upheld as a contract. Instead of being a reasonable business regulation, we think the condition named and annexed to the message was an effort on the part of the company to restrict its legal liability to sixty days. It would introduce into the local jurisprudence of every state, territory, or

country in which it is sued a species of private statute of limitation, or nonclaim. It would avoid the policy of the state or territory in the matter of the time in which actions both in tort and contract should be brought. But aside from this we think there can be no sound reason for holding that in cases where no contract for total immunity from legal responsibility can be made none can be made for a conditional release or discharge, because public policy alike denies the power to contract on the subject in either instance. In support of this view, in addition to the cases herein referred to, we cite the following: Johnston v. Western Union Telegraph Co., 33 Fed. Rep. 362; Western Union Telegraph Co. v. Cobb, 47 Ark. 344; Western Union Telegraph Co. v. McKibben, vol. 10, N. E. Rep. 894. In the last cited case the supreme court of Indiana held the condition to be void as against the plaintiff, the receiver of the message. The defendant in error was the receiver of the message here and sues in tort for the injury sustained by him. He sustained an injury caused by the confessed negligence of the defendant's agents in not delivering the message in a reasonable time. Whether the duty to transmit and deliver sprang out of the contract with the sender in whole or in part, the company nevertheless accepted the duty, and did not discharge its obligations. We think there was no error in giving the instruction complained of by the court on its own motion. It correctly stated the law on this subject, although it did not in terms declare that the condition annexed was void. That was the effect of the charge.

It is further contended that the damages recovered are excessive. In Griffin v. Colver, 16 N. Y. 489, Justice SELDEN, defining the measure of MEASURE of damages. damages in this class of cases, said: "The party injured is entitled to recover all damages, including gains prevented as well as losses sustained."

And this rule is subject to but two conditions: The damages must be such as may fairly be supposed to have entered into the contemplation of the parties when they made the contract, that is, they must be such as might naturally be expected to follow its violation; and they must be certain, both in their nature, and in respect to the cause from which they proceed. The gain prevented here was a reasonable fee or reward to the plaintiff, Longwill, for his professional visit to Springer. This prevented gain was such as might naturally be expected to follow the failure to deliver the message in due season. Reasonable compensation to the plaintiff was fairly within the contemplation of the parties when the message was sent. It is proven that the persons sending the telegram were solvent, and the amount to be paid, although not agreed upon, was certain to the extent of reasonable compensation. That amount, as shown by the record, was $500. The cause from which the injury proceeded is equally certain. The particular facts upon which it is insisted the recovery is shown to be too large are stated in the testimony of the plaintiff. He testified that during the time he would have been absent from his home and away from his usual line of practice in Santa Fe he was engaged in practice, and had cases under his charge. He says he would have made more by going than by attending to his patients in Santa Fe. The damages claimed by plaintiff on account of his injury in being deprived of going to see the patient at Springer was only $500. No other claim was made in the evidence, hence the finding of the jury was upon this item alone. The measure of plaintiff's damages was correctly stated in the charge. There was no evidence of the amount earned by plaintiff during the four or five days he says it would have taken him to make the visit, attend to his patient, and return. It was not the fault of the jury that the amount earned

VOL. 5 N. M.—21

was not taken from the amount he would have made except for the negligence of the defendant. The difference between what he would have made, had he gone, and what he made at home during the time, was the measure of his damages. The evidence, we think, clearly shows that he received something. This fact was developed on cross-examination, and either party might have shown the amount so received. Plaintiff was content to show that he might have made $500. The defendant was content to show that plaintiff had other professional employments during the period required to make the trip to Springer; and that such employments were less remunerative than the prevented trip. As the burden was on the plaintiff to show his actual loss and injury, and there being nothing in the facts proven to justify the assessment of a higher grade than actual or compensatory damages, we are of the opinion that the duty of showing what his loss was, fell upon him. It follows that the amount recovered was in excess of the plaintiff's own estimate of his damages when computed by deducting his gains at home for the period complained of. As there will be little gained by sending the case back for retrial, the plaintiff, if he so elects, may enter a remittitur here of $100, and pay the costs of this court, and the judgment below will be affirmed; otherwise the judgment of the court below will be reversed, and the case remanded for a new trial.

LONG, C. J., and BRINKER, J., concur.