WESTERN UNION TELEGRAPH COMPANY V. D. KEMP.

FILED MARCH 5, 1895.     No. 6479.

1. **Telegraph Companies:** STATUTORY LIABILITY. The provisions of section 12, chapter 89a, Compiled Statutes, in reference to telegraph companies and their transmission of dispatches, whereby any such company is made "liable for the non-delivery of dispatches entrusted to its care and for all mistakes in transmitting messages made by any person in its employ, * * * shall not be exempted from any such liability by reason of any clause, condition, or agreement contained in its printed blanks," are not inequitable and are obligatory upon all telegraph companies in the state.

2. ——: ——: INCORRECT MESSAGES. Defendant in error delivered a message written on one of the company's forms, to its agent at its office in a town in this state, to be transmitted to Kansas City, Missouri, to be there delivered to a person to whom it was addressed, which was so changed in its transmission, in a material portion, as to contain incorrect information, by reason of which the sender suffered damages. *Held*, That the company was liable for the damages caused by the mistake in sending the message, and could not limit its liability to the amount received by it for sending the dispatch.

3. ——: ——: PRESENTMENT OF CLAIM: INVALID LIMITATION. On the message form used by a telegraph company was printed the following stipulation: "The company will not be liable for damages in any case where the claim is not presented in writing within sixty days after sending the message." *Held*, That it thereby aimed to limit its liability, and that this clause, if intended as a contract, or if viewed as such, was unfair and in violation of the provisions of section 12, chapter 89a, Compiled Statutes. *Pacific Telegraph Co. v. Underwood*, 37 Neb., 315, followed.

ERROR from the district court of Madison county. Tried below before ALLEN, J.

*Estabrook & Davis*, for plaintiff in error, cited, contending that the sixty-day limitation was reasonable and valid: *Sherrill v. Western Union Telegraph Co.*, 109 N. Car., 527;

*Young v. Western Union Telegraph Co.*, 65 N. Y., 165 ;. *Massengale v. Western Union Telegraph Co.*, 17 Mo. App., 259 ; *Cole v. Western Union Telegraph Co.*, 33 Minn., 227 ;. *Hill v. Telegraph Co.*, 85 Ga., 425; *Western Union Telegraph Co. v. Dunfield*, 11 Col., 335 ; *Lester v. Western Union Telegraph Co.*, 84 Tex., 313 ; *Western Union Telegraph Co. v. Culberson*, 79 Tex., 65 ; *Western Union Telegraph Co. v. Rains*, 63 Tex., 27 ; *Heimann v. Western Union Telegraph Co.*, 57 Wis., 564 ; *Wolfe v. Western Union Telegraph Co.*, 62 Pa. St., 83 ; *Southern Express Co. v. Caldwell*, 21 Wall. [U. S.], 264 ; *Western Union Telegraph Co. v. Jones*, 95 Ind., 228 ; *Western Union Telegraph Co. v. Meredith*, 95 Ind., 93 ; *Western Union Telegraph Co. v. Fairbanks*, 15 Brad. [Ill.], 601 ; *Western Union Telegraph Co. v. Way*, 83 Ala., 542 ; *Western Union Telegraph Co. v. Dougherty*, 15 S. W. Rep. [Ark.], 468 ; *Western Union Telegraph Co. v. James*, 15 S. E. Rep. [Ga.], 83 ; *Western Union Telegraph Co. v. Yopst*, 118 Ind., 248 ; *Western Union Telegraph Co. v. Trumbell*, 27 N. E. Rep. [Ind.],. 312 ; *Beasley v. Western Union Telegraph Co.*, 39 Fed.. Rep., 181 ; *Western Union Telegraph Co. v. Brown*, 19 S.. W. Rep. [Tex.], 336.

*H. C. Brome* and *Richard A. Jones,* also for plaintiff in. error.

*Reed & Ellis, contra.*

HARRISON, J.

This action was commenced in the district court of Madison county by the defendant in error to recover damages. against plaintiff in error which he alleged were caused by the incorrect transmission of a message from Papillion, this state, to Kansas City, Missouri, delivered by him to the company at its place of business in the former place to be sent to the latter. A jury was waived in the district court and the case submitted to the judge thereof upon a stipulated statement of facts, and from a finding and judgment

in favor of defendant in error these proceedings have been prosecuted to the higher court.

This case was before this court prior to this time for review of the proceedings during the trial to a judge of the district court and a jury, and was reversed and remanded for further action. The opinion rendered at that time is reported in 28 Neb., at page 661. The statement of the issues and facts therein made is sufficiently full and complete, hence we do not deem it necessary to repeat it, but for such statement we here refer to that opinion. It was announced in that decision that the requirements embodied in section 12 of chapter 89a, Compiled Statutes, as follows: "Any telegraph company engaged in the transmission of telegraphic dispatches is hereby declared to be liable for the non-delivery of dispatches entrusted to its care, and for all mistakes in transmitting messages made by any person in its employ, and for all damages resulting from a failure to perform any other duty required by law, and any such telegraph company shall not be exempted from any such liability by reason of any clause, condition, or agreement contained in its printed blanks,"—are equitable and fair and obligatory on any and all telegraph companies doing business in this state, and that any such company contracting to correctly send a message to another state, which incorrectly transmits the same, is liable in all the damages for the breach of its contract which are sustained by the sender of the message by reason of such breach, and that, applied to the facts in this case, the defendant in error having delivered the message to the company at its office in Papillion, to be sent in the regular course of its business to Kansas City, Missouri, and the company's operator or agent, having transmitted it incorrectly in material portions, whereby defendant in error suffered damages, the company was liable for such damages. The determination of these questions, as stated in the former opinion, will not now be changed, but will be followed and adhered to.

The only other point discussed in the brief of plaintiff in error and for decision in the present hearing and which was not urged or passed upon at the prior presentation of the case in this court is that one of the agreements or conditions printed on the form upon which the defendant in in error wrote his message was as follows: "The company will not be liable for damages in any case where the claim is not presented in writing within sixty days after sending the message;" that the sender was bound by the stipulation quoted and, as the facts do not show that he did present his claim in writing to the company within the sixty days therein prescribed, he should not have been allowed a judgment for the damages.  A clause such as this particular clause of the stipulations printed upon the form in which the message was written was considered by this court in the case of *Pacific Telegraph Co. v. Underwood*, 37 Neb., 315, and it was then held that if this portion of the conditions printed upon the telegraphic message form was to be looked upon as a contract, it was in violation of section 12, chapter 89a, Compiled Statutes, and an attempt to limit the liability of the company in a manner which the law did not allow.  We are satisfied with the rule announced at that time and will adhere to it.  It follows that the judgment of the district court will be

AFFIRMED.