## WESTERN UNION TELEGRAPH COMPANY v. H. L. COOK.

FILED MARCH 3, 1898.   No. 7866.

1. **Witnesses: CROSS-EXAMINATION.** The cross-examination of a witness should ordinarily be confined to matters concerning which he has testified in his direct examination.

2. **Telegraph Companies: NEGLIGENCE.** Where a party in good faith

had endeavored to avoid injury attributable to the negligence of a common carrier, it cannot escape liability by showing that such endeavors might have been more judicious.

3. ———: ———. Evidence examined, and *held* to justify a peremptory instruction for plaintiff.

ERROR from the district court of Howard county. Tried below before KENDALL, J. *Affirmed.*

*Estabrook & Davis,* for plaintiff in error.

*Paul & Templin, contra.*

RYAN, C.

In this case there was a verdict against the Western Union Telegraph Company in compliance with an instruction that such a verdict should be found by the jury. To reverse the judgment rendered upon this verdict the telegraph company has prosecuted an error proceeding to this court.

In the petition filed in the district court plaintiff alleged that he was a real estate agent at St. Paul, in this state, on September 1, 1892; that there had been entrusted to him for sale by S. S. Smith certain lands in Howard county; that the price fixed on said lands by Smith, its owner, was $12,600; that between Smith and plaintiff the agreed compensation of plaintiff for making a sale was five per cent on the first $1,000 and two and one-half per cent on the balance; that through plaintiff's efforts one H. C. Stewart, a resident of Illinois, perfectly able to perform his undertakings, had been induced to purchase the aforesaid land at the price fixed, but instead of making payment of $1,000 as earnest money as required by Smith, proposed to pay $500, and accordingly asked a modification of Smith's terms, and, with matters in this condition, that Stewart returned to his home in Illinois. Plaintiff further alleged that on September 19, 1892, he entrusted to the defendant for delivery to Stewart a telegram in the following language:

"Smith requires one thousand down, balance March 1. Wire answer." This telegram was altered in transmission so that as received by Stewart it read, "Smith requires ten thousand down, balance March first. Wire answer." Plaintiff alleged that this alteration in transmission caused Stewart to answer by telegraph as follows, "Smith's terms not satisfactory," and that owing alone to the above described negligence the consummation of the sale of said land and right to the compensation agreed was prevented. The evidence sustained these averments testified to by plaintiff, except that in the deposition of Mr. Stewart he stated that the agreement between himself and plaintiff contemplated absolutely that but $500 earnest was required. This variance, however, was not material, in so far as the telegraph company was concerned, for its mistake furnished a cause of action as well under one statement as under the other.

C. E. Joy testified that when the telegram was sent to Illinois he was manager of the telegraph company at St. Paul; that he then knew plaintiff and had never since 1890 known of his being engaged in any other line of business than that of real estate agent. On cross-examination this question was propounded to this witness, "Did Mr. Cook, on the 19th of September, have any conversation with you—September, 1892—have any conversation with you at any time?" We think the objection that this was not proper cross-examination was properly sustained. As between the telegraph company and plaintiff it was immaterial whether or not there was a written contract between Mr. Smith and his agent. From Mr. Smith's own testimony it was disclosed that he regarded himself as being bound to pay if a sale had been consummated by Mr. Cook, and accordingly would have paid the agreed compensation in that event. After the telegram was altered in transmission, and the negotiations had been broken off by the answer thereto, Mr. Cook, by correspondence, attempted to induce Mr. Stew-

art to purchase, and was so far successful that Mr. Stewart returned from Illinois to St. Paul, but this was too late, for meanwhile Mr. Smith had sold the land to another person. We are of the opinion that there was no error in refusing to permit a cross-examination which had no other tendency than to show that Mr. Cook's efforts might have been more judiciously directed than they were.

Under the undisputed evidence, the company was liable, and the district court properly so instructed the jury in view of the holdings of this court in *Western Union Telegraph Co. v. Kemp*, 44 Neb. 194, and *Western Union Telegraph Co. v. Wilhelm*, 48 Neb. 910. The judgment of the district court is therefore

AFFIRMED.