Collata *v.* Western Union Telegraph Co.

[83 South. 401, In Banc. No. 20916.]

Telegraph and Telephone. *Reasonable regulations and rules.*
The rule adopted by telegraph companies, that if a telegram is sent to its office by one of the company's messengers, such messenger acts as agent of the sender only, is a reasonable regulation and in such case the telegraph company is not liable if the message was never brought to its office by the messenger.

Appeal from the circuit court of Sunflower county. Hon. H. H. Elmore, Judge.

Suit by D. Collatta against the Western Union Telegraph Company. From a judgment for defendant, plaintiff appeals.

The facts are fully stated in the opinion of the court.

*Frank E. Everett* attorney for appellant.

Special Plea Number 3 is as follows:

For further plea is this behalf, defendant says *actio non* because is says:

That it was one of the terms and stipulations printed on the telegraph blank on which the telegram involved in this suit and claimed to have been delivered to the company was written, among other stipulation, the following:

'No responsibility attaches to this company concerning telegrams until the same are accepted at its transmitting office and if a telegram is sent to such offices by one of the company's messengers, he acts for that purpose as agent of the sender.'

The defendant avers that the alleged message was sent by the sender by a messenger and not sent by

the defendant for the same was never delivered to it at any of its transmitting offices; that it never received the same, and never undertook to transmit it.

And therefore, the defendant is not liable to the plaintiff for the damages claimed in said declaration or in any sum whatsoever and this the defendant is ready to verify.''

The demurrer to this plea is as follows:

''Comes the plaintiff and demurs to the 3rd special plea filed by the defendant in this cause and prays the judgment of the court if he shall further answer make thereto and for cause of demurrer he assigns the following:

FIRST: The stipulations set up in said plea are against public policy and void, the defendant not being permitted by law to contract against its own negligence.

SECOND: Said plea admits the delivery of the message sued for to a messenger, and, delivery to a messenger of defendant being a delivery to the defendant itself, it cannot set up its own negligence as a defense to this action.

THIRD: Said plea presents no legal defense to the cause of action.

FOURTH: Said plea admits that the defendant company maintains messengers for the purpose of serving the public, therefore it cannot set up as a defense, the negligent act of its servants in the performance or non-performance of the duties for which such servant is employed and maintained by the defendant company.

FIFTH: Said plea presents no defense to the cause of action.'' ''The above and foregoing Demurrer to Special Plea No. 3 is marked, 'filed March 18, 1919, J. R. Key, Circuit Clerk.' ''

I respectfully submit that the lower court should have sustained the demurrer to this plea. The plea sets up the fact, that on the back of the telegraph blanks which are furnished by the defendant company

is a clause that no responsibility attaches to this company concerning telegrams until the same are accepted at its transmitting office, and if a telegram is sent to such office by one of the Company's messengers, he acts for that purpose as the agent of the sender.

In Telegraph Company v. Craig & Company, 106 Miss. at page 289 of the opinion, this court, speaking through Judge Cook, discusses, to some extent, this question. The Telegraph Company filed the same plea as was filed by the defendant in the case at Bar setting up the printed terms and conditions upon the back of the blank used, pleading the fact that the messenger was the agent of the sender until the telegram had been delivered and accepted at the office of the defendant.

After discussing the question, Judge Cook concludes, his remarks, at the bottom of page 289, as follows:

"Conceding that the printed matter binds persons using the blanks, we can find nothing in the condition, relied on by appellant, to support its contention." It would seem from this decision that the Telegraph Company cannot make its agents the agent of. the sender of the message.

In Western Union Telegraph Company v. Cobler, 62 So. Rep. Page 821, the court held that "A messenger of a Telegraph Company delivering a message is the agent of the company and not the agent of the sendee."

In Y. & M. V. Railroad Company v. Mattingly, 37 So. Rep. 709, and which is a Mississippi decision, the court held that "every carrier chooses its own servants and employs and changes and discharges them at pleasure. They are controlled solely by its own rules and judgment of its superior officers."

Then under these decisions, how can it be seriously contended by the Telegraph Company that the messenger, who received the message from S. Zemurray, was the agent of S. Zemurray in the delivery of the telegram to the company when this messenger is admitted-

ly the messenger of the Telegraph Company.

As to the other three pleas filed by the defendant, I only refer the court to the case of Dickerson v. Western Union Telegraph Company, 114 Miss., at page 128, where it is held that the act of Congress of June 18th, 1910, which are the matters set up in these pleas, is not applicable in this case.

I therefore, submit that the judgment of the lower court in overruling demurrer to special Plea number 3 should be reversed and the demurrer sustained, and in that event then this court should in compliance with the agreement between counsel, shown at page 24 of the record, enter judgment final for the plaintiff in the sum of $756.59.

*J. B. Harris*, for appellee.

This case is completely covered by the recent decision of the Supreme Court of the United States reversing the judgment of this court, and overruling the Dickerson case in the case of the Postal Telegraph *Company* v. *The Warren-Godwin Lumber Company*.

D. Collotta sued the Telegraph Company to recover damages for the alleged failure to transmit and deliver a certain cipher message alleged to have been sent by S. Zummary & Company wholesale banana dealers in New Orleans, notifying him of the shipment of two car loads of bananas. The complaint was that on account of the failure to receive the telegram he did not get prompt notice of the arrival of the bananas at destination, and when he did get the notice of their arrival the bananas had spoiled on account of the delay. Collotta was a retail dealer in bananas and alleged it was his custom to meet the cars at destination and peddle out the bananas.

The Telegraph company filed a general issue plea and four special pleas. The first, second and fourth special

pleas alleged that the message in question was an interstate message, being sent from a point in the State of Louisiana to a point in the state of Mississippi, and as such was interstate commerce, and that by the Act of Congress of 1910, the Congress of the United States had occupied the whole field of interstate communication by telegram, and had assumed charge of regulating the field of interstate commerce by telegram, and thereby removed and exempted such interstate commerce by telegram from the field of state regulation or interference, and undertook to, and did confer upon the interstate commerce commission full power over the rates, charges, facilities, classifications, and practices of telegraph companies. engaged in interstate commerce in reference to such commerce, and had conferred upon the interstate commerce commission power to approve, alter or acquiesce in existing rates and classifications, which power the interstate commerce commission has ever since retained, and still retains, and that the said interstate commerce commission, prior to the filing of the message in suit, and prior to the commencement of the suit had full knowledge of the rates, charges, classifications, regulations and stipulations, including the one set up in the plea, and with such knowledge had acquiesced in and approved the same, and did not at any time alter or seek to alter such rates, charges, regulations or classifications. The first special plea sets up the unrepeated message stipulation. The second special plea sets up the valued message stipulation and the fourth special plea sets up the following stipulation; "No responsibility attaches to this company concerning telegrams until same are accepted at one of its transmitting offices, and if the telegram is sent to such office by one of the companys messengers, he acts for that purpose as agent for the sender. The stipulation last set forth is also set out in the third special plea as being a

reasonable stipulation independent of the act of congress.

All of the special pleas were demurred to, the demurrer was sustained to the first and second special pleas under the authority of the Dickerson case. The demurrer was overruled to the third and fourth special pleas, the court holding that independent of the Act of Congress the stipulations set up in these pleas were reasonable regulations under the authority of Jones on Telegraph and Telephone Companies, par. 272 and cases cited, and 37 Cyc., Page 1692, and cases cited, there being no authority to the contrary. The court assigns as error the overruling of the demurrer as to the third and forth pleas, and the Telegraph Company had filed a cross assignment of error as to the court sustaining the demurrer to the first and second special pleas. In no view of the case, however, can there be a recovery by the plaintiff. If the messenger was not an agent of the company the plaintiff could not recover manifestly but by force of the decision of the supreme court of the United States in the case of the *Postal Telegraph Company* v. *The Warren Godwin Lumber Company*, the stipulation is binding, as the plea alleges, and it is admitted of course by the demurrer, that the message was delivered to a messenger not sent by the company for the same, and the message had never been presented to or accepted by the company at one of its receiving offices.

We do not deem it necessary to discuss the question further as the whole matter is closed out, we take it, by the decision of the supreme court of the United States in the case last cited.

We respectfullv submit that the judgment of the court below should be affirmed.

Stevens, J., delivered the opinion of the court.

Appellant, as plaintiff in the circuit court, sued to recover damages alleged to have been sustained by reason of the failure of the Western Union Telegraph Company to transmit and deliver a telegram addressed to him at Indianola, Miss.  Appellant was engaged in the business of handling fruits, including bananas, in carload lots.  In May, 1918, plaintiff ordered from one S. Zemurray, of New Orleans, La., two cars of bananas, one car to be shipped to Yazoo City, the other to West Point.  The shipper undertook to wire appellant by way of the Western Union Telegraph Company and claims to have written out and delivered to the company the following telegram:

"May 18, 5:35 p. m. D. Collotta, Indianola, Miss. Shocking Yazoo City IOFBB West Point LUOIF both inflame.  [Signed] S. Zemurray. Paid rush rush rush."

This telegram was never delivered, and as a result of the failure to receive the telegram appellant claims that the bananas rotted, and that he was damaged in the sum of seven hundred fifty-six dollars, fifty-nine cents.  The defendant in the court below filed the general issue and four special pleas.  The first and second special pleas undertook to raise a federal question by reason of the fact that the message was an interstate message.  The third and fourth special pleas set forth and pleaded the benefit of the following stipulation appearing on the telegraph blank as a part of the contract between Zemurray, the sender, and the telegraph company:

"No responsibility attaches to this company concerning telegrams until same are accepted at one of its transmitting offices, and if the telegram is sent to such office by one of the company's messengers, he acts for that purpose as agent of the sender."

And the pleas expressly averred that the message in question was given by the sender to a messenger, and was never delivered to the company at its transmitting office, and that the company never in fact received, and therefore never undertook to transmit, the message. A demurrer was interposed to the third and fourth special pleas challenging their sufficiency in law. The demurrer submits that the stipulation relied upon by the telegraph company is against public policy and void; that the pleas admit the delivery of the message to a messenger, and a delivery to a messenger should be construed to be a delivery to the company for the reason that the company cannot plead its own negligence.

A demurrer was also interposed to special pleas 1 and 2. For the purpose of this opinion it is unnecessary to set forth the first and second special pleas or to notice the disposition which the trial court made of these pleas and the demurrer thereto.

The demurrer to the third and fourth special pleas was overruled, and, the plaintiff declining to plead further, judgment was entered in favor of the defendant. The present appeal challenges the ruling of the trial court in sustaining the demurrer to the third and fourth pleas and in entering final judgment therupon.

The only question for decision is whether the quoted, printed provision on the telegraph blank to the effect that the company's messenger in receiving the telegram for transmission acts for that purpose as agent for the sender is a reasonable and therefore a lawful stipulation. The authorities, we think, are in accord in upholding the validity of this stipulation. Gray's Communication by Telegraph, par. 13, p. 23; Jones on Telegraph and Telephone Companies, pars. 278 and 409; Am. & Eng. Ency. of Law (2d Ed.), vol. 27, p. 1051; *Ayres* v. *Western Union Tel. Co.,* 65 App. Div. 149, 72 N. Y. Supp. 634; *Stamey* v. *Western Union Tel. Co.,* 92 Ga. 613, 18 S. E. 1008, 44 Am. St. Rep. 95.

The special pleas set forth in detail that the telegram was given to a messenger and was never received at the transmitting office of the company and never accepted. If the provision relied upon by the telegraph company is a reasonable and lawful provision, it follows that the sendee cannot base an action in tort for a failure to deliver the message. The reasons why the stipulation under review should be regarded as a reasonable regulation are well stated by Judge LUMPKIN, speaking for the Georgia court, in *Stamey* v. *Western Union Tel. Co.,* *supra.* The opinion, among other things, says:

"The work performed by the messenger in carrying the message from the office or residence of the sender to the transmitting office of the company forms no part of the transmission of the message by the company, for which latter purpose alone the company makes a charge. There is nothing onerous or one-sided about the rule. It dictates no terms to the sender, and gives no advantage to the company. It is neither obligatory nor arbitrary. In a word, it gives the sender the alternative of delivering his dispatch to the messenger, to be delivered by him at the office of the company on the condition prescribed, or of making such delivery either in person or by his own servant. We have been unable to find a direct adjudication upon this rule by any court, and we think this shows, or tends to show, the consensus of public and professional opinion in favor of its reasonableness. The rule is held to be reasonable in the work of Gray on Communication by Telegraph, section 13, top of page 23. Assuming, then, the reasonableness of the rule, it follows, in the absence of other facts to the contrary, that the message was not delivered to the company, because it was not presented at one of its transmitting offices, by the agent of the senders, and was not accepted by the company. . . . Messengers of a telegraph company are not sent out from the company's office to solicit telegrams, and, being engaged in

a most subordinate work of the company's service, it is to be presumed that they are not invested by the company with the powers of receiving the company's charges or fees for transmission of telegrams, and that they have no powers of rejecting telegrams offered to them, either for the nonpayment in advance of the company's charges for transmission, or for being illegibly written, or for containing matter which would make the company liable in tort or otherwise for transmitting an indecent or immoral telegram—all of which are powers preserved by law to the company for its protection, and with which it is known to the public, or should be, the receiving agent of the company at its transmitting offices is invested." 92 Ga. 615, 616, 617, 18 S. E. 1009, 1010, 44 Amer. St. Rep. 96, 97, 98.

Mr. Jones observes: "It is well known that the messengers are usually young and inexperienced boys, and of course are not familiar with the rules in regard to the proper messages to be accepted for transmission."

And further that, if a delivery to a messenger boy should be considered a delivery to the company "the latter would be liable for failure to send a message delivered to its messenger, although to do so would subject the company to an indictment or to an actionable wrong." Paragraph 278.

Mr. Gray adds a further and persuasive reason that:

"Knowledge of the condition of the company's lines, and generally of the company's ability to communicate a message, is peculiarly within the scope of an operator's business; and it is his right and duty, on one hand, to disclose the fact if the company is unable to achieve what it undertakes to do, and, on the other, to be informed of any facts which may aid him in correctly performing the contract."

There is no fact or circumstance in this case to estop the company or to take the case out of the general rule under discussion. The point arises in this case upon

the sufficiency of the defendant's special pleas, and the learned circuit judge was correct in overruling the demurrer. The plaintiff declined to plead further, and so the final judgment appealed from must be affirmed.

*Affirmed.*