WESTERN UNION TELEGRAPH CO. *v.* BOURN.

[In Banc. No. 21056.]

TELEGRAPHS AND TELEPHONES. *Limitation of liability for mistake in unrepeated interstate message held binding on sendee.*

The sendee of a telegram suing in tort for damages resulting from a mistake in the transmission tohim of an interstate telegram is bound by a provision in the contract between the company and the sender limiting the company's liability for mistakes in the transmission of an unrepeated telegram to the amount received by the company for transmitting it.

APPEAL from circuit court of Marion county.

HON. A. E. WEATHERSBY, Judge.

Action by J. J. Bourn against the Western Union Telegraph Company. Judgment for plaintiff, and defendant appeals.

*J. B. Harris,* for appellant.

In response to the suggestion of the court that the brief of the appellee as to the right of the appellee to recoper actual damages in the way of expenses etc., should be replied to. We beg to submit the following:

The point made by the counsel as we understand it, is that as the action in this case was by the sendee and an action in tort, the stipulation as to unrepeated messages would not apply and he urges that as the Prim-

rose case was an action by the sender of the message as authority for this position in the light of the expression in that case quoted in his brief.

We submit however, that the question is settled conclusively against his contention in the case of *Warren Godwin Lumber Company* v. *Postal Telegraph Company*, Advanced Sheets, Jan. 1, 1920, No. 4, page 95, which case is reenforced by the subsequent case of the *Western Union Telegraph Company* v. *Peter Boegli*, reported in advance sheets Supreme Court. U. S., Feb. 1, 1920, No. p. page 97.

In the case of Warren Godwin Lumber Company the supreme court of the United States cited and approved quite a number of cases, especially does it approve the decision in the case of *Gardner* . *Western Union Telegraph Company*, 231 Fed. 405. In that case the question here under consideration was expressly presented and decided. It was held whether the suit was by the sendee or sender, whether sounding in tort or in contract the stipulation applied, and was binding both on the sender and sendee. In the case of *The Western Union Telegraph Company* v. *Bank of Spencer*, 53 Okla. 398, 156 Pac. 1175, another case expressly approved by the supreme court of the United States in the Warren Godwin Lumber Company case the precise question here was presented and decided exactly as the Gardner case was decided.

There are other cases cited, in the opinion in Warren Godwin Lumber Company case where the suit was by the sendee of the message but we think the two cases selected above are absolutely conclusive of the question involved. Both of those were by the sendees of the message, in each case the precise question here was presented and elaborately discussed, and decision against the contention of the appellee in this case, and both cases referred to and approved by the supreme court of the United States.

We do not think it necessary to go further; however, we cite the case of the *Telegraph Company* v. *Peter Boegli, supra,* for the purpose of showing to the court that if there was any doubt arising on the opinion in the Warren Godwin Lumber Company case there will be no possible room for doubt in the light of the Boegli case.

This court must consider this case in the light of the decision of the supreme court of the United States in the Warren Godwin Lumber Company case dealing with the effect of the act of Congress, and the cases which were cited by the court in that case with a distinct approval which the court considered the Act of 1910 from various points of view.  In the Boegli case the court again referred to these decisions as having been cited and approved.  The two cases which we have cited, the Gardner case and the Bank of Spencer case, were distinctly approved and when the court has read them there will be no further room for discussion of the point here presented.

*Rawls & Hathorn,* for appellee.

Addressing ourselves now to the question of our right to recover under the undisputed facts in this case for mental suffering, we say that when this case was tried, it was tried on the theory that the law of Louisiana (where the tort was committed) controlled, and in that state mental suffering is made an element of actual damages by statute.

Since the trial of the case, however, the supreme court of the United States has held that cases of this character being interstate, must be tried under the law controlling such cases, as it is announced by the United States supreme court; and there being no Federal statute covering damages for mental suffering, we are driven to the common law as interpreted by the United

States courts, to determine our rights, and the case of *Southern Express Company* v. *Byers,* 60 L. Ed. (U. S.) cited by appellant, is against us. We have studied the books from "Kiver to Kiver" indulging the hope that we could find some authority under the common law to support a verdict for mental suffering in our case, as appellant did suffer injury to his property, as well as in mind, but a careful reading of the common-law decisions has convinced us that the mental suffering must flow as a direct or proximate result of the injury or damage done to one's property, and such is not true in our case.

Nor have we been able to satisfy ourselves that the rule is different in a suit in tort, as the case at bar. We have found a few cases where the suit is brought in tort which hold that if there is any kind of actual damage sustained that this is sufficient "peg" to hang a mental suffering action on, but these cases are supported by such poor reason, that we cannot conscientiously hold them up to the court as being authority. We are therefore constrained to confess error as to that part of the verdict of the jury which allows compensation, for mental suffering, and we desire now to offer a remitter down to thirty-five and nineteen hundredths dollars which is the undisputed actual damage suffered by appellee.

Coming now to the question of actual damage. We think appellee is clearly entitled to recover for all actual damages suffered by him, by reason of appellant's negligence.

The case of *Western Union Telegraph Company* v. *Norman,* 83 So. 465, cited by appellant and recently decided by this court, is not in point. That was a suit on a contract and between the sender of the message and the company, and the court held following the Godwin Lumber Company case, as recently decided by the United States supreme court, that the sender of the

message was bound by that stipulation in his contract, which limited his damage to the fee paid for the sending of the message.

Incidentally it is stated in the opinion of the *Norman case, supra,* that Mrs. Norman, the sendee, in another suit, recovered the actual damage sustained by her because of the mistake in. the message. The facts in the Mrs. Norman case are very similar to the facts in the case at bar.

Under the English Rule the sendee of a message could not recover of the telegraph company, under any circumstance, but this rule was changed in America early in the history of our jurisprudence, and so pronounced has this change been, and so unanimous on this side the Atlantic that the change is known as the American rule.

This change and the rule adopted by the American courts, is very ably and exhaustively discussed by Mr. Justice COOPER in the case of *Western Union Telegraph Company* v. *Allen* (The Lamented Private John) reported in 66 Miss. at page 549, and Judge COOPER, after discussing the various and different grounds on which the liability of the telegraph company is rested, by the different courts, says:

"We are content to take our place in the line of American authorities, and without assenting fully to either of the processes of reasoning by which the result has been reached, to accept as settled the rule of liability because the telegraph company is a public agent and as such, from the peculiar character of its business, is connected with the sendee of the message so far as to impose upon it a duty to deliver the intelligence intrusted to it for him. Whether this be. property or simply an intangible thing of value to him, it is that which the company is under duty to communicate according to its course of business and delay in the delivery is as much a breach of duty as the delivery of

an altered message, and, in either event, recovery may be had by the sendee."

It will be borne in mind that the case at bar is a case in tort, for the failure of appellant to perform a duty which it owed appellee to correctly transmit this message. Being an action in tort, appellee is not bound by any stipulation in the contract between appellant and the sender of the message. If our recovery had been based on any contractual relations between appellant and appellee the rule would be different. Holding directly in our favor on this point, is the case of *Webb* v. *Western Union Telegraph Company,* 61 Am. St. Rep. 207, and notes on page 217. Also, *N. Y. & W. Printing Telegraph Company* v. *Dryburg,* 78 Am. Dec. 339, also, *Tobin* v. *Western Union Telegraph Company,* 28 Am. St. Rep. 302.

In all these cases which were actions by the sendees for actual damages, the stipulations on the message limiting damages, etc., was pleaded and the court, in each instance held the action to be in tort, and that this defense did not lie.

That the telegraph company had violated a public duty which it owed the sendee and must, therefore, respond in damage, and this is the position taken by our own courts in case of *W. U.* v. *Allen,* supra.

The case of *Primrose* v. *Western Union Telegraph Company,* 154 U. S. 1, 38 L. E. 883, where the reasonableness and validity of a stipulation similar to the one now under consideration was upheld by the United States supreme court as between the sender and the telegraph company, and which is the leading case on this question, in the discussing of those cases cited by council as holding a contrary view, pointed out that they were actions brought not by the sender, but by the receiver, of the message (see page 892, Law Edition, Vol. 38), where this language is used: "Some of them were actions brought, not by the sender, but by the

receiver of the message, who had no notice of the printed conditions until after he received it, and could not, therefore, have agreed to them in advance."

Thus showing clearly that the United States supreme court in passing upon this very much disputed question, recognized the distinction necessarily drawn between the sender of a message and the sendee, as to whether or not the stipulations on the message would be binding.

We respectfully submit, therefore, that the case should be affirmed with remitter down to thirty-five and nineteen hundredths dollars.

SMITH, C. J., delivered the opinion of the court.

The appellee sued the appellant in the court below for negligence in the transmission of a telegram.

It appears both from the declaration and the evidence that Robertson delivered to the defendant at Columbia, Miss., a message for the appellee at Mooring Port, La., reading as follows:

"Lizzie doing fine. Whats the trouble can't get any hearing."

As delivered to the appellee by the defendant it reads:

"Lizzie dying from whats the trouble can't get any hearing."

Lizzie was the wife of Robertson, the sister of the appellee, and was then in a hospital at Columbia. On receipt of this message the appellee went to Columbia, found his sister doing well, and returned to Moorings Port. The recovery sought by the appellee is for the expense incurred by him in going to and returning from Columbia, amounting to thirty-five dollars and fourteen cents, and compensation for the mental anguish the mistake in the telegram occasioned him. The judgment rendered is for one thousand dollars.

The appellant by a special plea denied the appellee's right to recover for the reason that the message was not repeated, one of the provisions of the contract between the appellant and the sender of the telegram being that,—

"The company shall not be liable for mistakes . . . in the transmission . . . of any unrepeated telegram beyond the amount received for sending same."

A demurrer interposed to this plea by the appellee was sustained.

The appellant's requests for a directed verdict and for an instruction eliminating mental anguish from the jury's consideration were refused.

Counsel for the appellee admit that the case is governed by the federal statutes and the common law as administered by the federal courts (*Postal Tel. Co.* v. *Warren-Godwin Lbr. Co.*, 251 U. S. 27, 40 Sup. Ct. 69. 64 L. Ed. —; *Western Union Tel. Co.* v *Peter¹ Boeqli*, 251 U. S. —, 40 Sup. Ct. 167, 64 L. Ed.—), and that consequently the appellee is not entitled to recover for mental anguish (*So. Exp. Co.* v. *Byers*, 240 U. S. 612, 36 Sup. Ct. 410, 60 L. Ed. 825, L. R. A. 1917A, 197). They claim, however, that the appellee is entitled to recover, the expense incurred by him in going to and returning from Columbia, and offer to remit all of the damages awarded to him in the court below in excess thereof.

The right of the appellee to recover this expense depends upon whether or not the provision of the contract between the appellant and the sender of the telegram limiting the appellant's liability for an unrepeated message to the amount received for sending it is binding on the sendee. This question has never been expressly decided by the supreme court of the United States; consequently we must decide it in accordance with the rulings of this court in *Clement* v. *Tel. Co.*, 77 Miss. 747, 27 So. 603; *Hartzog* v. *Tel. Co.*, 84 Miss. 448, 36 So.

539, 105 Am. St. Rep. 459, and *D. Collotta* v. *Western Union Tel. Co.,* 83 So. 401. It does not clearly appear from the official report of the first-named case that the plaintiff Clement was the sendee of the message, but it does so appear from the report thereof in the Southern Reporter. Two of the cases cited with approval · by the supreme court of the United States in *Postal Tel. Co.* v. *Warren-Godwin Lbr. Co., supra,* are *Gardner* v. *Tel. Co.,* 231 Fed. 405, 145 C. C. A. 399, and *Western Union Tel. Co.* v. *Bank of Spencer,* 53 Okl. 398, 156 Pac. 1175, in both of which the sendee was held bound by the contract between the telegraph company and the sender of the telegram.

It follows from the foregoing views that the appellee is not entitled to recover the expense incurred by him on account of the mistake in the transmission of the telegram, and that the demurrer to the appellant's special plea should have been overruled. .

, *Reversed and remanded.*