THE SOUTHERN EXPRESS COMPANY *v.* J. T. HUNNICUTT.

1. EXPRESS COMPANY.  *Limitation of time for presenting claim of loss. Validity of such stipulations.*

A stipulation, in print, at the foot of the receipt of an express company for a package, " that the express company shall not be liable for any loss, unless claim therefor shall be made in writing at this shipping office within thirty days from this date, in a statement to which this receipt shall be attached," is a condition with which the owner and shipper must comply, or lose his claim.

2. SAME.  *Pleading.  How question of validity raised.*

Where, to an action for the non-delivery in time of a package containing an old insurance policy and application for a paid-up one, whereby the right to the paid-up policy was forfeited, the express company pleads that the claim was not made at the shipping office within thirty days, the plaintiff should demur, or reply matter in avoidance, if he wishes to test the defence.  By joining issue he admits its completeness, if proved.

3. SAME.  *Reasonable time.*

Reasonable time, within which the shipper is required to give notice to the express company of his claim, is such time as would be ample to ascertain the non-delivery of the parcel at the place of destination, depending on the distance and facilities of communication.

4. COMMON CARRIERS.  *Right to limit their liability by special contract.*

A common carrier may limit his liability by special contract, provided such contract does not exempt from losses by negligence or misconduct.

ERROR to the Circuit Court of Lauderdale County.

Hon. S. S. CALHOON, Judge.

*Whitfield & Young,* for the plaintiff in error.

It is a complete defence that the plaintiff did not make demand within thirty days.  *Express Co.* v. *Caldwell,* 21 Wall. 264; *United States Express Co.* v. *Harris,* 51 Ind. 127; *Weir* v. *Express Co.,* 5 Phila. 355; *Grace* v. *Adams,* 100 Mass. 505. There is no pretence in pleading or evidence that the condition was fraudulently imposed on the plaintiff.

*John W. Fewell,* for the defendant in error.

The verdict was right upon the facts, and the damages not

excessive. *Favor* v. *Philbrick*, 5 N. H. 358; *Parks* v. *Alta
Telegraph Co.*, 13 Cal. 422; *Bryant* v. *American Telegraph
Co.*, 1 Daly, 575; *Washington Telegraph Co.* v. *Hobson*, 15
Gratt. 122; *Vicksburg & Meridian Railroad* v. *Ragsdale*, 46
Miss. 458.

SIMRALL, C. J., delivered the opinion of the court.

J. T. Hunnicutt was the holder of a life policy of insurance,
issued by the Continental Life Insurance Company of New
York, for $5,000. The policy contained this stipulation, " That
if, after having received three or more annual premiums, the
said assured shall fail to make payment of any further pre-
miums when due, then and in that case, upon a surrender of
the policy within thirty days after such unpaid premium shall
be due, the said company will in exchange therefor issue a paid-
up policy for the full amount of even dollars received by the
company on this policy." Hunnicutt made default in the
premium due Jan. 31, 1875. On the 16th of the ensuing
February, intending to surrender this policy and take in lieu of
it a paid-up policy, he delivered it, sealed up in an express
envelope, addressed to the secretary of the company at New
York, to the express company agent at Lauderdale station on
the Mobile and Ohio Railroad, for transportation and delivery
according to the address. He prepaid the freight charges. The
receipt of the agent recited, " One insurance policy valued at
$5,000." In the printed matter at the foot of the bill of lading
or receipt are these words: " That the express company shall
not be liable for any loss, unless claim therefor shall be made
in writing at this shipping office, within thirty days from this
date, in a statement to which this receipt shall be attached."
The package, being mislaid, was not forwarded until about
March 10. It was delivered on March 16 to the insurance com-
pany, which declined to take up the policy and issue to Hun-
nicutt a paid-up policy, because it had not been returned to the
office and application made within the time stipulated. With
the policy, Hunnicutt also delivered to the express agent a
letter addressed to the insurance company at New York, mak-
ing application for a paid-up policy. The package did not
reach the insurance company until more than thirty days had

elapsed from the time the last premium became due, viz., January 31. The plaintiff made claim, and notified the express company of his loss and damages, on the 20th day of April, more than thirty days after the date of the receipt of the company.

The case was tried on the general issue, and a special plea, which averred that the plaintiff had not made claim in writing at the express company's shipping office for his loss within thirty days from date of receipt, in a statement with the receipt attached. The entry of record is, that the plaintiff took issue, in short, by consent. The plea was not attempted to be avoided on the allegation of a contract imposed by fraud, but its truth was put in issue. The paper which is the foundation of the cause of action contains the covenant set up in the plea, as the condition of the liability of the express company. Similar conditions in fire risks are in common use, and have been uniformly sustained by the courts. The insured engages within a limited time to put before the company preliminary proof of loss, and to lose his right to the money if such proof is not made. If Hunnicutt proposed to test the defence set up in the special plea, he should have demurred; or he might, by replication, have preferred matter in avoidance. By joining issue, he admitted its completeness as a defence, if proved.

We find that the precise condition set up in the plea was held to be reasonable, and a discharge of the company from all liability if not complied with, in *United States Express Co.* v. *Harris*, 51 Ind. 127. There, as in the case before us, the claim for loss was required to be made in thirty days from date of receipt. In *Weir* v. *Express Co.*, 5 Phila. 355, before Sharswood, P. J., the *claim* was required to be made of the express company within thirty days after the property had been, or ought to have been, received; and the ruling was, that the owner had lost his remedy, where non-delivery was complained of, if the claim was not preferred within thirty days after *delivery* ought to have been made. Such provision in the contract was said to be reasonable, as enabling the express company, while the matter was fresh, to institute proper inquiries, and furnish themselves with evidence on the subject. The chief business of express companies, as is well known, is to carry small but valuable

packages. There is more or less liability that, in the vast mul-
titude of parcels which they handle, passing through the hands
of so many agents, a loss, by mistake or accident, or by the
appropriation of an employé, will at times occur. It is not un-
reasonable that the individual shippers, who have, or may be
supposed to have, distinct knowledge and recollection, should
be required to give notice of non-delivery or unreasonable de-
lay. The law is settled by the great weight of authority that a
common carrier may limit his liability by contract, provided the
special contract does not exempt from losses by negligence or
misconduct. The exemption thus claimed must be reason-
able, and the carrier cannot take advantage of his powers and
of the necessities of the public, to exact exemptions from that
measure of duty which public policy demands. Such was the
line of observation of the Supreme Court of the United States
in *Express Co.* v. *Caldwell*, 21 Wall. 264, upholding as reason-
able a stipulation in the contract, not differing from that in
this case, except that the time for making the claim was ninety
days. The only case holding a contrary doctrine is *Southern
Express Co.* v. *Caperton*, 44 Ala. 101, which is said in the case
last cited to be a very unsatisfactory decision. The Alabama
court puts its objection to the covenant on the ground that it
was a statute of limitations. Clearly it was not, any more
than is notice of a fire, and proof of loss within a specified
time. The stipulation is no more than a condition, with which
the owner and shipper must comply, or lose his claim : if he
does comply, he may bring his suit within the time prescribed
by the Statute of Limitations.

It appears that the usual time required for the transportation
of this package to New York from Lauderdale station is three
or four days. We are not called upon in this case to say
whether thirty days from the date of the receipt is an unrea-
sonably short time to make claim for damages or loss. The
pleadings raise no question of that sort, but admit that it was
reasonable. Reasonable time would be time ample to ascer-
tain the non-delivery of the parcel at the place of destination,
which depends on the distance and facilities of communica-
tion. If Hunnicutt received no tidings of his package in ten
or twelve days from the shipment, his suspicion ought to have

been aroused, and inquiry made. If that had been done, it is almost certain that the parcel would have been found in due time for its delivery at New York.

*Judgment reversed and cause remanded.*