KIRBY v. WESTERN UNION TELEGRAPH CO.

When a petition for a rehearing states new matter, which may materially
affect the merits of the main controversy, and which was not consid-
ered by the appellate court at the time of the rendition of the opinion,
a rehearing will be granted for the purpose of considering such new
matter.

(Syllabus by the court.   Opinion filed Dec. 20, 1893.)

Appeal from circuit court, Minnehaha county. Hon. E.
PARLIMAN, Judge.

This case was first decided by this court in an opinion
found in 4 S. D. 105, (55 N. W. 759.) In that opinion the
judgment of the lower court in favor of plaintiff was affirmed.
Appellant applied for a rehearing and in this opinion a rehear-
ing is granted.

*Bailey & Voorhees, (George H. Fearons, of counsel,)* for ap-
pellant.

*Joe Kirby* and *A. C. Boylan,* for respondent.

BENNETT, P. J.   This case was before us at a former term,
and an opinion was filed June 26, 1893, which is published in 4
S. D. 105, N. W. 759. The only point upon which the appel-
lant takes issue with the court in its opinion is that portion of

it which holds that the stipulation found on the message blank of the company which each patron of the company is required to sign before a message will be sent, that says: "The company will not be liable for damages or statutory penalties in any case where the claim is not presented in writing within sixty days after the message is filed with the company,"—limits the common-law liability of a common carrier, and could not require respondent to enter into this agreement before receiving and transmitting his message; the appellant's contention being that this condition in the message contract does not purport, nor is its effect, to limit its responsibility, but is merely a regulation of its business, which it has a right to make. This contention was fully argued on a former hearing, and very fully considered by the court in the opinion prepared by Justice Kellam; and, were this the only reason urged for a rehearing, we should be inclined to refuse it. But appellant's counsel calls our attention to another question, which was alluded to in the oral argument, and but lightly referred to in his brief, which may have some material bearing upon the merits of the case, and which was not considered by the court. The question is, that Section 3910, Comp. Laws, upon which respondent bases his action, is not now, and never has been, in force in this state. In support of the proposition he cites us to Title 65, Rev. St. U. S., as amended by 19 Stat. 252, by which enactment counsel for appellant contend that the section of the Compiled Laws above referred to has been repealed and abrogated, so far as the appellant is concerned; and our attention is called to a large number of decisions in support of this contention. In view, therefore, of the importance of the case, not so much so as to it alone, but its effect upon other cases which we are informed are now pending between appellant and respondent, and in order that a full determination may be had of all questions in controversy in this action, we shall grant a rehearing as prayed for; and therefore direct the clerk of this court to place the case upon the calendar of

this term, with directions that the counsel for the appellant shall prepare his briefs upon the questions raised in his petition for a rehearing, and serve it upon the counsel for the respondent within 20 days after notice of this order, and thereupon the respondent shall have 20 days after such service to prepare his brief, and serve it upon appellant's counsel. Should appellant deem it necessary, he shall have 10 days in which to file and serve a reply brief. After the expiration of this time the cause shall stand for hearing at such time as the convenience of the court and the attorneys for the respondent and appellant will permit. The same number of briefs on each side shall be filed in the office of the clerk of this court as is required by our rules upon an original hearing of a cause.