SAMUEL N. CLEMENT *v.* WESTERN UNION TELEGRAPH COMPANY.

TELEGRAPH COMPANY.    *Reasonable regulation. Demand. Damages. Statutory penalty. Notice.*

  A stipulation on the printed forms used by a telegraph company in its reception and delivery of a telegram making the right to damages and statutory penalty, for delay or failure to transmit or deliver, dependent on a presentation of the claim in writing. within sixty days after reception for transmission, affects both the sender and sendee with notice, and relieves a telegraph company from liability unless the claim be so presented.

FROM the circuit court of Tallahatchie county.

HON. F. A. MONTGOMERY, Judge.

Clement, the appellant, was the plaintiff in the court below; the telegraph company was defendant there. From a judgment for defendant the plaintiff appealed to the supreme court. The opinion of the court sufficiently states the facts.

*W. S. Eskridge,* for appellant.

The printed stipulations on the telegram, partly on its face and partly on its back, were not called to the attention either of the sender or of the sendee of the message. They did not agree to a contractual limitation because they made no contract embodying such a narrowing of the right to demand damages. The telegraph company cannot alone make contracts binding its customers, any more than an express company could do so, and this court has decided that express companies cannot do so. *Southern Express Co.* v. *Moon,* 39 Miss., 822. And a railroad company has no such power, as decided by this court. *Mobile, etc., R. R. Co.* v. *Weiner,* 49 Miss., 725. The evidence showing conclusively that attention was not called to the printed matter upon the forms used in the message, it cannot be said that either the sender or the sendee consented thereto, or contracted as there specified, and if there was no such contract, surely the case should have gone to the jury, and if there was even a conflict of evidence as to whether the contract was made the case ought to have been submitted to a jury. The defense rested alone upon the idea that the contract was established.

*Dinkins & Caldwell,* for appellee.

It is admitted that the appellant did not comply with the stipulation plainly printed on the message blank received by the company, and upon the one delivered by it.

It is laid down (25 Am. & Eng. Enc. L., 798) as a general rule that the stipulation exempting a telegraph company from liability if claim for damage be not presented to the company within sixty days of the reception of the message by it, is reasonable. *Western Union, etc., Co.* v. *Jones,* 95 Ind., 98; *Western Union, etc., Co.* v. *Way,* 83 Ala., 542; *Western Union, etc., Co.* v. *Dunfield,* 11 Col., 335; *Western Union, etc., Co.* v. *Raines,* 63 Tex., 27; *Hill* v. *Western Union, etc., Co.,* 85 Ga., 425; *Wolfe* v. *Western Union, etc., Co.,* 62 Pa., 83; *Fidlay* v. *Western Union, etc., Co.,* 64 Fed. Rep., 459.

That the attention of the sender or the sendee, or both, was not called to the stipulation, makes no difference.  *Womack* v. *Western Union, etc., Co.,* 58 Tex., 176; *Grunnell* v. *Telegraph Co.,* 113 Mass., 301; *Telegraph Co.* v. *Carew,* 15 Mich., 536; *Redpath* v. *Telegraph Co.,* 112 Mass., 73; 25 Am. & Eng. Enc. L., 104.

*Mayes & Harris,* on same side.

Counsel for appellant rests his cause upon the decisions of this court in the cases of *Express Co.* v. *Moon,* 39 Miss., 822, and *Mobile, etc., R. R. Co.* v. *Weiner,* 49 Miss., 725.    We find no fault whatever with these decisions.    They simply announce that a common carrier cannot limit its common law liability except by express contract, assented to by the party with whom it deals.    Counsel overlook the case of *Hunnicutt* v. *Express Co.,* 54 Miss., 566, in which this court decides against them the very question now before this court.    And again this court, in a case not reported (*Ramsey* v. *Western Union, etc., Co.*), recently decided the very question now presented.

In addition to the cases cited by our associates, we call the court's attention especially to *Manire* v. *Telegraph Co.,* 94 Tenn., 442; *Sherrill* v. *Telegraph Co.,* 109 N. C., 572; 2 Thompson on Negligence, 446, 447.

Argued orally by *J. B. Harris,* for appellee.

TERRAL, J., delivered the opinion of the court.

The appellant cannot recover in this case.    He does not bring himself within the regulations established by the telegraph company for the transaction of its business.    Upon the blank necessarily used in the transmission of the message, and upon the one used also in the delivery of the message to the sendee, was a notice informing them of the conditions upon which the telegram was taken for transmission and delivery. It is there expressly stated that the company will not be liable

---

---

for damages or statutory penalties in any case where the claim is not presented in writing within sixty days after the message is filed with the company for transmission. It is held in *Southern Express Co. v. Hunnicutt,* 54 Miss., 566, that a condition in a contract similar to the one here is reasonable, and courts in other jurisdictions hold a like doctrine. And in this case no written claim of damages was made on the company until suit was brought more than seven months after the delivery of the telegram for transmission. And this delay occurred, although a copy of the telegram, with the conditions plainly written thereon, was delivered to the sendee within ten days after the alleged default occurred.

The plaintiff, it seems, made some effort to perfect his claim for damages soon after his failure to receive the telegram in due time, but his effort, without any fault, however, on the part of the telegraph company, did not meet with success.

The plaintiff had full knowledge, or means of knowledge, of the conditions of the contract in regard to the transmission and delivery of the telegram, and his noncompliance with them leaves him without any excuse; he can take no advantage of his own default.

*Affirmed.*