HENRY HARTZOG *v.* WESTERN UNION TELEGRAPH COMPANY.

TELEGRAPH COMPANY. *Telegrams. Contract. Claim for damages. Time for filing.*

A provision in a contract for the transmission and delivery of a telegram that the telegraph company will not be liable for damages in any case, unless a written claim for damages is presented to it within sixty days after reception of the message for transmission, is reasonable and valid.

FROM the circuit court of, second district, Perry county.

HON. JOHN R. ENOCHS, Judge.

Hartzog, the appellant, was plaintiff, and the telegraph company, appellee, defendant in the court below. From a judgment in defendant's favor the plaintiff appealed to the supreme court. The suit was to recover punitive damages for the failure to deliver a telegram sent to plaintiff at Hattiesburg from Mt. Olive, Mississippi. To the declaration defendant pleaded the general issue, and gave notice of special matter of defense. One ground of defense was that the message was delivered to the defendant company on the 3d of June, 1902, and that it stipulated that the company would not be liable in damages

where the claim was not presented in writing in sixty days after the message was filed with the company for transmission, and that no claim had been filed within the sixty days. It was conceded that the telegram was never delivered. It was shown by the evidence that no claim was filed for damages until suit was brought, which was much longer than sixty days from the time the telegram was delivered to the defendant company for transmission.

*K. McInnis, Geo. B. Power,* and *Alexander & Alexander,* for appellant.

This is the usual case. A sister is dying. The mails cannot reach an absent brother in time for him to come. A public carrier holds itself out as ready to meet such a case. Its name is telegraph company, which means quick message. A citizen trusts the company, pays it what it charges, sends the telegram: "Lyde is dying. Tell Benson to come." The telegram is sent, but never delivered, although the operator at place of destination knows the sendee, lives within two hundred yards of him, and sees him every day.

*Harris & Powell,* for appellee.

The message was delivered to the company for transmission on the 3d of June, 1902. It contained the usual stipulations in the following words: "The company will not be liable for damages or statutory penalties in any case where the claim is not presented in writing within sixty days after the message is filed with the company for transmission." The plaintiff in this suit had notice of the sending of this message on June 6th, 1902. This suit was filed on October 21st, 1902. The court should have given the peremptory instruction asked for by the defendant. *Clement* v. *Telegraph Company,* 77 Miss., 747.

Argued orally by *J. B. Harris,* for appellee.

CALHOON, J., delivered the opinion of the court.

A stipulation in the contract for the transmission of a telegram, that the company would not be liable for damages "in any case where the claim is not presented in writing within sixty days after the message is filed with the company for transmission," is valid and binding. This is precisely so decided in *Clement* v. *Telegraph Co.*, 77 Miss., 747 (27 South., 603), which is in keeping with the decisions of this court in kindred matters of contract limitations as to express companies; in *Southern Express Co.* v. *Hunnicutt*, 54 Miss., 566 (28 Am. Rep., 385); and, as to life insurance companies, in *Universal Life Ins. Co.* v. *Whitehead*, 58 Miss., 226 (38 Am. Rep., 322); and in *J. D. and Lula G. Bonner* v. *Mutual Life Ins. Co.* (this day delivered), 36 South., 538. Our conclusion makes it unnecessary to give our views of the instructions or as to whether the facts in the record before us warrant punitive damages.

*Affirmed.*