## BERRY *v.* LAMAR LIFE INS. CO.

(Division B.  June 6, 1932.)

[142 So. 445. No. 30006.]

(Division B.  Feb. 13, 1933.)

[145 So. 887.  No. 30006.]

For former opinion, see 142 So. 445.

**W. D. Hilton**, of Mendenhall, and **J. Morgan Stevens**, of Jackson, for appellant.

**Green, Green & Jackson**, of Jackson, for appellant, as Amicus Curiae.

**W. D. Hilton**, of Mendenhall, and **J. Morgan Stevens**, and **Green, Green & Jackson**, for appellant.

**Wells, Jones, Wells & Lipscomb**, of Jackson, for appellee.

**Watkins, Watkins & Eager**, of Jackson, for appellee.

Argued orally by **Garner Green** and **J. Morgan Stevens**, for appellant, and by **Calvin Wells** and **W. H. Watkins**, for appellee.

**Ethridge, P. J.**, delivered the opinion of the court.

This is an appeal from the judgment of the court below sustaining a demurrer to the declaration filed by the appellant against the appellee for the recovery of five thousand dollars under an insurance policy on the life of Meyer E. Berry, the husband of the appellant. It was alleged in the declaration that the policy was issued upon the life of Meyer E. Berry for the above-mentioned sum, and that, among other things, provided that:

"The Lamar Life Insurance Company hereby agrees that if, prior to attaining the age of sixty years, while this contract is in full force by the payment of premiums, the insured shall furnish proof satisfactory to the Com-

pany that, from causes originating after delivery of this contract and entirely beyond the control of the insured, he has become totally and permanently disabled, and will by such disablement be prevented for life from engaging in any gainful occupation, this company shall by endorsement hereon agree to, (1) Waive the payment of premiums thereafter falling due during the continuance of such disability, during which period of waiver the right of the insured to surrender values and all other benefits under said contract shall continue with the same force and effect as if premiums were duly paid by the insured, and in addition thereto; (2) Pay to the insured, on the first day of the month, after satisfactory proof of disability has been furnished the company, the sum of fifty and no/100 dollars, and a like sum on the first day of each month thereafter during the life of the insured, and the continuation of such disability. Such monthly payments to the insured shall not be a charge against the policy and shall not be deducted in the settlement of any claim hereunder."

The declaration charges that Meyer E. Berry became insane and totally disabled to follow a gainful occupation while the policy was in force, and that he died while insane. It was further alleged that by reason of his insanity he was unable to give notice and make proof of such disability, and that no member of his family knew of the terms of the contract until after his death. It was further alleged that three premium paying dates elapsed without the premiums having been paid, but that during this period the deceased, Meyer E. Berry, was, by reason of his insanity, unable to report or make such proof.

It was not alleged that the insurance company had any knowledge or notice of the alleged insanity at any time prior to the death of said Meyer E. Berry. The premiums which were not paid were due August 8, 1929, August 8, 1930, and August 8, 1931, and it was claimed in the declaration that, by reason of the insanity of Meyer E. Berry, and the resultant inability to make proof, the

policy remained in force, although the insurance company had no knowledge of, and no proof had been submitted to the company of, said alleged disability.

The trial judge ruled that this case was controlled by the announcement of this court in the case of New York Life Insurance Co. v. Alexander, 122 Miss. 813, 85 So. 93, 15 A. L. R. 314, but indicated that, if it were not for this decision, he would hold to the contrary.

It is frankly conceded by the appellant that, if the decision in that case is not overruled, the judgment of the court below in sustaining the demurrer was correct; but presents an elaborate and learned argument contending that said decision is unsound and should be overruled.

This decision was rendered by a full court without any dissent, and has been relied upon for several years in the insurance field. While the authorities in other states are conflicting as to such provisions under such circumstances, we see no reason to overrule the decision in New York Life Ins. Co. v. Alexander, supra. We are unable to see that it is manifestly wrong and mischievous in its results.

The life insurance business has become one of the most extensive businesses in the country, and such business depends almost entirely upon contracts. The power to make such contracts as the parties desire to make, when not prohibited by law or public policy, is a fundamental principle of the life insurance business, and is essential to its successful conduct.

There is, in our opinion, sound reason why insurance companies should be permitted in their policies a provision requiring proof to be made before the waiver of the policy becomes effective. It is, of course, necessary for the success of the life insurance business that unmerited or fraudulent claims should be rejected, and, in order to determine whether a claim is just and bona fide, it should have opportunity to investigate the facts at the

time the disability occurs or accrues upon which the waiver of premiums depends. Suppose a party taking a policy should pay one or two annual premiums, and then cease paying them without any notice to the company of any disability, continue to live many years; and then dies, and his family claims that there was a disability existing at the time which excused payment of premiums. It would manifestly be impossible, or, at least, exceedingly difficult and expensive, to develop the facts after a long time.

But, at all events, the parties were not prohibited from making this contract by any statute, nor by public policy of the state, and we have repeatedly announced that the court would enforce contracts made by parties, if not prohibited by law or public policy, according to the terms of the contracts.

It is contended also that section 2294, Code 1930, reading as follows: "The limitations prescribed in this chapter shall not be changed in any way whatsoever by contract between parties, and any change in such limitations made by any contract stipulation whatsoever shall be absolutely null and void; the object of this statute being to make the period of limitations for the various causes of action the same for all litigants," prohibits the making of a contract, under such circumstances, as was upheld in New York Life Ins. Co. v. Alexander, supra, and that the existence of this statute was not called to the attention of the court, and the court therefore did not pass upon or adjudicate the legality of the requirement of giving notice and making proof, as a condition precedent to liability under the contract. In our opinion, this statute has no application to this case. It was designed to leave the statute of limitations in force as the Legislature made it. It did not intend to prevent parties making stipulations amounting to conditions precedent to liability in assuming obligations in contractual

matters. In the case before us, the furnishing of proof was a condition precedent to waiver of premiums.

We think it is a reasonable and lawful provision. The Legislature has never undertaken to regulate for what length of time a party under such stipulation should have to make proof, or to excuse the making of proof, because of such physical or mental inability.

We are therefore of the opinion that the court below was correct, and that its judgment should be affirmed.

Affirmed.

On Suggestion of Error.

**Ethridge, J.**, delivered the opinion of the court on suggestion of error.

This cause was affirmed on a former day of this court by Division B; the opinion appearing in volume 142 Southern Reporter, at page 445.

On suggestion of error, there was a difference of opinion among the judges of Division B as to the correctness of the original decision, and the judgment was set aside and the cause was argued before the other division and considered by the court in banc.

After a full consideration of the case, the majority of the court is of the opinion that the former decision was correct.

The former opinion might be sufficient to rest upon in this case. But, as it was stated in the former opinion that the authorities in other states were conflicting, and that this state decided the question involved in New York Life Ins. Co. v. Alexander, 122 Miss. 813, 85 So. 93, 15 A. L. R. 314, and that case was authority for the decision in the case at bar, and inasmuch as it was insisted in the suggestion of error that the decision in this case was in conflict with the decision in National Casualty Co. v. Mitchell, 162 Miss. 197, 138 So. 808, we desire to say that

the majority of the court thinks there is no conflict between the decision of the National Casualty Co. v. Mitchell, supra, and the case at bar, or in the authorities relied upon to support same.

In our opinion, they are clearly consistent with each other. In the case at bar, in addition to the clause set out in the original opinion, the policy provides that, if the premiums are not duly paid, the policy shall cease, except as provided in the nonforfeiting provisions of the policy. In the total disability benefit clause set forth, there was no stipulation with reference to the time in which certain matters were to be done and proof furnished by the insured, except that it must be done while the policy was in force. As stated, the company did not waive payment of premiums on the happening of the disability therein provided for. The premium was only to be waived when proof of such disability was furnished to the company, which proof must be reasonably sufficient to satisfy the company that a disability had occurred. Until and unless such proof was filed, there was no waiver of premiums, and no accrual of benefit. If the premiums were continued to be paid the proof of disability could be made at any time, and was not limited to any specific time. It is difficult to see how section 2294, Code 1930, can have any application whatever.

We think the decision in this case, and that in the case of New York Life Ins. Co. v. Alexander, supra, are supported by the decision of the United States Supreme Court in the case of Bergholm v. Peoria Life Ins. Co., 284 U. S. 489, 52 S. Ct. 230, 76 L. Ed. 416. This decision affirmed a judgment of the federal circuit court of appeals reported in 50 F. (2d) 67. We quote from the United States Supreme Court as follows:

"Beginning with February 27, 1927, premiums were to be paid quarterly, with a grace period of one month from any due date, during which period the policy was to continue in full force. In case of total and permanent

disablement there was a provision for payment of a monthly income for life of one per cent of the amount of the principal sum. The policy expressly provided that 'if any premium is not paid on the date when due, this policy shall cease and determine, except as hereinafter provided.' The income disability clause which follows this language, provides: 'Upon receipt by the Company of satisfactory proof that the insured is totally and permanently disabled as hereinafter defined the Company will

" 'I. Pay for the insured all premiums becoming due hereon after the receipt of such proof and during the continuance of the total and permanent disability of the insured and will also

" '2. Pay to the Insured a Monthly Income for life of one per cent. of this Policy; the first payment of such income to be paid immediately upon receipt of such proof. . . .

" '3. . . . To entitle the Insured to the above Total and Permanent Disability Benefits this policy at the time of making claim for such benefits must be in full force and all premiums becoming due prior to the time of making claim must have been duly paid. . . .'

"The insured died on April 18, 1929. Judgment was sought for disability benefits from December 1, 1927, to April 1, 1929, at the rate of fifty dollars per month, with interest. The last premium paid was due on May 27, 1927. The next, allowing a month's period of grace, should have been paid not later than September 27, 1927. Neither that nor any subsequent premium was ever paid. Long prior to the death of the insured, the policy therefore had lapsed, unless saved by the terms of the disability clause above quoted. There is evidence in the record from which it reasonably may be found that the insured was totally and permanently disabled from a time before the premiums first became in arrears, and that this condition continued until his death; but no

proof thereof was furnished to the company. The petitioners, nevertheless, contend that this is enough to bring into effect the promise of the company to pay the premiums which became due after the disability began. In support of this contention, Minnesota Mut. L. Ins. Co. v. Marshall [(C. C. A.) 29 F. (2d) 977], supra, is cited. The pertinent provisions of the policy there, however, differ from those found in the policy here under consideration. There the policy provided that if the insured, while the policy is in force and before default in payment of premiums, 'shall become totally and permanently disabled . . . and shall furnish satisfactory proof thereof, the Company will waive the payment of premiums thereafter becoming due,' and that 'upon the receipt of due proof of total and permanent disabilities . . . the Company will waive the payment of all premiums thereafter becoming due.' The court held that the waiver took effect at the time of the disability, and did not depend upon the time when proof thereof was furnished. We do not need to controvert this construction of the words quoted, or question the soundness of the view of the court that the existence of the disability before the premium became in arrears, standing alone, was enough to create the waiver. In that view, the obligation to furnish proof was no part of the condition precedent to the waiver; but such proof might be furnished within a reasonable time thereafter. Here the obligation of the company does not rest upon the existence of the disability; but it is the receipt by the company of proof of the disability which is definitely made a condition precedent to an assumption by it of payment of the premiums becoming due after the receipt of such proof. The provision to that effect is wholly free from the ambiguity which the court thought existed in the Marshall policy. Compare Brams v. N. Y. Life Ins. Co., 299 Pa. 11, 14, 148 A. 855. It is true that where the terms of a policy are of doubtful meaning, that construction most

favorable to the insured will be adopted. Mutual L. Ins. Co. v. Hurni Packing Co., 263 U. S. 167, 174, 68 L. Ed. 235, 31 A. L. R. 102, 44 S. Ct. 90; Stipcich v. Metropolitan Life Ins. Co., 277 U. S. 311, 322, 72 L. Ed. 895. This canon of construction is both reasonable and just, since the words of the policy are chosen by the insurance company; but it furnishes no warrant for avoiding hard consequences by importing into a contract an ambiguity which otherwise would not exist, or, under the guise of construction, by forcing from plain words unusual and unnatural meanings.''

See, also, 1 Joyce on Insurance, secs. 1100, 1103, and 1106, and case note in 15 A. L. R. at page 318; Brotherhood of Railroad Trainmen v. Bridges (Miss.), 144 So. 554.

The judgment of the court below will be affirmed.

Affirmed.

**Anderson, J.**, delivered a dissenting opinion.

Section 2294, Code 1930, has been the law since the Code of 1906; it appeared in that Code as section 3127, and provides that the limitations prescribed by the Code chapter on limitations of actions shall not be changed in any way whatsoever by contract between the parties, and that any change made by any contract or stipulation whatsoever shall be absolutely null and void; ''the object of this statute being to make the period of limitations for the various causes of action the same for all litigants.'' Section 2575, Code 1906, provided that no insurance company shall make any condition or stipulation in its insurance contract concerning the court or jurisdiction wherein any suit thereon might be brought, ''nor shall they limit the time within which such suit may be commenced to less than one year after the loss or injury, and any such condition or stipulation shall be void.'' The latter statute was repealed by chapter 223,

Laws 1912, but the court held in National Casualty Co. v. Mitchell, 162 Miss. 197, 138 So. 808, that section 2294, Code 1930, took its place and applied to all litigants, including insurance companies.

In order to determine the intent and meaning of those statutes, the law as it stood before their adoption should be considered.

In Southern Express Co. v. Hunnicutt, 54 Miss. 566, 28 Am. Rep. 385, the contract contained this provision: "The express company shall not be liable for any loss, unless claim therefor shall be made in writing at this shipping office, within thirty days from this date, in a statement to which this receipt shall be attached." The contract further provided that a compliance with it by the shipper was a condition precedent to liability on the part of the express company. The court held the contract valid and enforceable.

Clement v. Telegraph Co., 77 Miss. 747, 27 So. 603, was an action against the telegraph company for the statutory penalty for delay in the transmission of a message. The contract provided as a condition precedent to liability that claims should be made to the company within sixty days after the default occurred. The court held the stipulation valid, citing the Hunnicutt Case as authority.

Hartzog v. Telegraph Co., 84 Miss. 448, 36 So. 539, 105 Am. St. Rep. 459, was an action against the telegraph company for damages for unreasonable delay in transmission and delivery of a telegram. The contract provided, as a condition precedent to liability, that written claim for the damages should be presented within sixty days after the reception of the message for transmission. The court held the stipulation valid. This case was decided on May 9, 1904. The Legislature next met in 1906 and adopted the Code of that year. In that Code is section 3127, of which section 2294, Code 1930, is a rescript.

After the adoption of the Code of 1906, there came up to the Supreme Court the case of Dodson v. Telegraph Co., 97 Miss. 104, 52 So. 693, 694, involving the construction of section 3127, Code of 1906. This case was an action for damages for failure to deliver a telegram. The contract provided, as a condition precedent to liability on the part of the company, that claim therefor should be presented in writing within sixty days after the message was filed with the company for transmission. Two opinions were delivered in that case, one on the first hearing, and one on suggestion of error; in the latter, Chief Justice MAYES went into the question of the purpose and effect of this statute so ably and clearly, and still not at great length, that I think it would be well to set it out:

"On the original hearing of this case we held that section 3127, Code of 1906, abrogated any right that the telegraph company heretofore assumed to make as one of its stipulations that it would not be liable for damage in any case where the claim therefor was not presented within sixty days after the message was filed with the company. Section 3127 prohibits changing 'in any way whatsoever' the limitation prescribed in the chapter, and further provides that 'any change in such limitation made by any contract stipulation whatsoever shall be absolutely null and void.' Under a statute so broad as this, concluding with the declaration that its purpose 'is to make the period of limitation for the various causes of action the same for all litigants,' it is difficult for us to perceive how its full scope and effect could be carried out unless it is made to comprehend this very case. In the Hunnicutt Case, 54 Miss. 566, 28 Am. Rep. 385, this court upheld this stipulation, but there was then no statute on the subject. The vast array of authorities cited in the brief of counsel have no application, in our judgment, because the statute under discussion strikes down all such decisions. The regulation of the company

says you cannot sue unless your claim be presented within sixty days. This regulation, if given effect, may in some instances, and in this very case will, be a limitation in itself. If it is possible, therefore, under certain conditions, for the stipulation to become itself a limitation, how can it be soundly argued that such a stipulation does not change the limitation prescribed by the chapter 'in any way whatsoever?' If it does this, or if the stipulation superimposes conditions with which there must be a compliance or rights will be barred from suit, it is amending the statute by the telegraph company saying that, notwithstanding same, a person shall be barred unless he comply with certain conditions imposed by it, and such conditions are void under the statute. Stipulations of the character under discussion are not viewed as contracts in any true sense. They are regulations, and their validity depends, not upon their contracted obligations, but upon their reasonableness as regulations. Public service companies such as this could not refuse to serve any member of the public because such person refused to accede to such regulation as a contract. This is expressly held in the case of Kirby v. Western Union, etc. Co., 4 S. D. 105, 55 N. W. 759, 57 N. W. 199, 30 L. R. A. 612, 620, 621, 624, 46 Am. St. Rep. 765. Such companies as this are bound to serve the public, and for this reason the law has permitted protection to the public service companies by permitting them to make reasonable regulations. But the Legislature may declare what is and what is not a reasonable regulation, and not commit the whole matter to the discretion of the company. The attitude of a public service company toward the public is quite different from that of an insurance company. We do not say how this section may affect the rights of an insurance company to place in its contract of insurance a requirement that proof of loss shall be made within a certain time. That question is not involved here at all.

"Many states have statutes prohibiting these stipulations, and independently of statutes some courts have held these regulations void as against public policy. The construction of this court with reference to this statute is not unusual. In the case of Davis v. Western Union, etc., Co., 107 Ky. 527, 54 S. W. 849, 92 Am. St. Rep. 371, it is held that a stipulation, in a contract between a telegraph company and the sender of a message, that the company will not be liable for damages in any case if the claim is not presented in writing within sixty days after the message is filed, is void as against public policy. To the same effect is the case of Western Union, etc., Co. v. Eubanks, 100 Ky. 591, 38 S. W. 1068, 36 L. R. A. 711, 66 Am. St. Rep. 361. In the case of Pacific Tel. Co. v. Underwood, 37 Neb. 315, 55 N. W. 1057, 40 Am. St. Rep. 490, it was held that this same condition, providing that the company should not be liable for damage unless the claim was presented within sixty days, was unreasonable and without consideration, viewed as a contract, and void as an attempt on the part of the company to limit its liability for its negligence by enacting for itself a statute of limitations. The same thing is held in the case of Western Union, etc., Co. v. Longwill, 5 N. M. 308, 21 Pac. 339. In short, it was within the power of the Legislature to prescribe that these stipulations should be abolished, and this we think section 3127 has done. The telegraph company can suffer no more inconvenience from the abolition of these stipulations in this state than they are now suffering in other states that have similar statutes."

Next came the case of General Accident, Fire & Life Assur. Co. v. Walker, 99 Miss. 404, 55 So. 51. The policy of insurance in that case provided that failure to notify the company of the injury for ten days after it had been received should bar all claim therefor. In other words, the giving of the notice was made a condition precedent to liability on the part of the company. The court held

the stipulation violated section 2575, Code 1906, above referred to. The court said, among other things: "The clause in the policy which requires written notice within ten days as a condition to liability on the part of the assurance company . . . is in conflict with the statute above quoted. . . . The clause under consideration is an attempt to evade the statute."

Standard Accident Ins. Co. v. Broom, 111 Miss. 409, 71 So. 653, was decided after the repeal of section 2575, Code of 1906. It construed section 3127, Code of 1906, of which, as above stated, section 2294, Code 1930, is a rescript. It was a suit on an accident policy. The policy required as a condition precedent to liability that the insured give the company notice of the claim within fifteen days after the accident. The court held the stipulation violative of the statute. Stuyvesant Ins. Co. v. Smith Motor Sales Co., 135 Miss. 585, 99 So. 575, is to the same effect.

National Casualty Co. v. Mitchell, 162 Miss. 197, 138 So. 808, involved a suit on an accident insurance policy. There was a stipulation in the policy providing as a condition precedent to liability that the insured should give notice of the accident and injury within twenty days thereafter. The court held the stipulation void under the statute.

The contract of insurance in the present case provided, in substance, that prior to the insured's attaining the age of sixty years, while the insurance was in force, if he should become totally and permanently disabled, and by such disability prevented for life from engaging in any gainful occupation, he should furnish proof satisfactory to the company of that disability, and the company would by indorsement on the policy agree to waive the payment of premiums thereafter falling due during the continuance of such disability, and in addition pay to the insured on the first of each month, after satisfactory proof of such disability, the sum of fifty dollars dur-

ing the continuance of the disability. The insured became insane. Up to that time he had paid all the premiums. Because of his insanity, he was unable to comply with the stipulation in the policy requiring proof of his disability. In other words, at the time of the disability, the insured was not in default; his default in the payment of the premiums occurred after his disability; therefore, when his disability occurred, he was entitled, under the express provision of the policy, to a remission of the premiums thereafter, and in addition the sum of fifty dollars a month as long as his disability continued. The liability had already occurred. The only thing standing in the way of it was the provision in the policy making proof of the disability a condition precedent thereto. In its decision of the present case, the court followed the case of New York Life Ins. Co. v. Alexander, 122 Miss. 813, 85 So. 93, 15 A. L. R. 314. In that case the stipulation involved was in all substantial respects the same as that in the present case; therefore, if the decision in the Alexander Case be sound, so is the decision in the present case.

So far as I am concerned, I am utterly unable to reconcile these two cases with the decisions of our court above referred to, beginning with the Hunnicutt Case and coming down to and including the Mitchell Case. If the statute was violated in those cases, it was violated in the Alexander Case, also in the decision in this case. To illustrate, going outside of the insurance cases and the telegraph and express company cases and taking an ordinary transaction: A contracts with B to build him a residence according to plans and specifications. The contract provides that B shall not be liable to A for a breach of any of its provisions, unless A shall within a specified time after such breach give B notice thereof, along with the proof he relies on as constituting the breach. B breaches the contract. A fails to comply with the stipulation of notice and proof. Does A forfeit his

claim against B for the breach? It seems clear to me that such a stipulation would violate the statute.

The plain object of all such stipulations is to prevent the statute of limitations ever being set in motion. The statute cannot begin to run until a cause of action accrues, and under such a stipulation a cause of action never accrues. The result is the statute is just done away with. The limitation fixed in such a stipulation for notice, or notice and proof, is the only limitation. The statute says that limitation cannot be fixed by contract. Take the present case. When Berry became insane, he was not in default in the payment of his premiums. After that he was totally disabled. He was incapable of giving notice and making proof. As soon as he became insane, he was entitled to a remission of the premiums. He owed none after that; in addition to that he was entitled to fifty dollars a month during his disability. These rights were complete; they had matured, except for the stipulation in question, which absolutely destroyed them and also, in my opinion destroyed the statute.

The decision of the Supreme Court of the United States in Bergholm v. Peoria Life Ins. Co., 284 U. S. 489, 52 S. Ct. 230, 76 L. Ed. 416, is entirely beside the question; no such statute as we have here under consideration was involved; that case simply declared the exact principle declared by our court in the Hunnicutt Case and all the cases following it down to and including the last case decided by our court in 1894, before this statute was adopted.

**Griffith, J.**, delivered a dissenting opinion.

Substance, and not shadowy distinctions, should control the decisions of courts. It seems that all might agree on that. In my opinion, there is only a technical or shadowy distinction between a policy of insurance which

provides by its express terms, and to which the parties have freely assented, that it shall be a condition precedent to liability that notice and proof shall be given and a policy such as the one here before us wherein the provisions are that the company will be liable if and when the notice is given. In either case, the substance of the stipulation is that there shall be no liability unless and until notice is given. But under the language of most of these policies this court has been holding that the stipulation providing that there shall be no liability in the absence of a precedent notice and proof is in contravention of the statute of limitations, and now in this case the majority holds that a stipulation meaning the same thing but in a different arrangement of words does not come within the statute. The decision of the majority makes it possible and hence probable that insurance companies will adopt the language which is found in this policy; will make notice a condition precedent to liability, but in doing so will use the same phraseology or arrangement of words which are found in this particular policy, and thereby evade the statute and the long line of decisions that has heretofore supported the statute.