THE STANDARD LIFE INSURANCE COMPANY OF THE SOUTH
*v.* HINTON

No. 42803 November 18, 1963 157 So. 2d 486

*Pittman, King & Pittman,* Hattiesburg, for appellant.

*Simrall, Aultman & Pope,* Hattiesburg, for appellee.

JONES, J.

On July 28, 1948, Roland I. Hinton, Sr., had issued to him by appellant a life insurance policy in the amount of $2500, payable to appellee, his wife, as beneficiary. At the same time there was issued a supplementary contract commonly designated "double indemnity", under terms of which appellant agreed to pay in addition to the face amount of the original policy the sum of $2500 in case of accidental death of the insured. This double indemnity contract, however, had a provision that it should not be effective if death of the insured resulted from any violation of the law by him.

On September 30, 1961, at an intersection of a local road with Highway 15 at Hintonville in Perry County, Mississippi, the insured was killed in an automobile collision.

The insurance company tendered in payment the sum of $2500 in full for the policy, which amount was refused by appellee, and this suit was filed for both the amount due under the original policy and the amount provided by the double indemnity clause.

The defendant plead affirmatively that the insured violated the law in operating his automobile at an excessive and unlawful rate of speed in approaching the intersection; in failing to stop at the stop sign before entering Highway 15, a through highway; in failing to yield the right of way for through traffic, and that he did unlawfully drive his car through the stop sign at an excessive and unlawful rate of speed; that by said acts his death was caused.

Appellant controverted its double indemnity liability by the affirmative matters hereinbefore stated. The jury returned a verdict for the beneficiary and a judgment for $5,000 was entered, hence this appeal.

It is necessary for us to reverse the case because of the error in an instruction hereinafter mentioned.

The facts show that Highway 15 at Hintonville runs in a general northerly and southerly direction; there is a local road entering same from the west and continuing across Highway 15 in an easterly direction. All the roads are paved except that portion of the local road east of Highway 15. Mr. Hinton approached the intersection from the west on the local road, driving a pickup truck. A Valiant automobile approached the intersection from the south on Highway 15. It was admitted by the pleadings that Mr. Hinton met his death as a result of an automobile collision at said intersection. On the local road approaching from the west the view of Highway 15 to the south was clear and unobstructed for several hundred feet, and approaching the intersection from the south, the view of the local road from the west was clear for a considerable distance.

Plaintiff introduced her policy and proved the payment of premiums; that it was in force and effect; proved the death of Mr. Hinton on the occasion in question as a result of the automobile accident. She also introduced a witness who testified that while sitting on the porch of the store to the west of Highway 15 and south of the local road he saw Mr. Hinton approach the intersection. When asked how fast he was going, he answered: "Just as well say stopped," and when asked if he saw Mr. Hinton stop, said, "Yes." This witness did not see the actual collision because at the time Mr. Hinton stopped witness' attention was directed elsewhere. The plaintiff rested after proving these facts and defendant made a motion to exclude and for a preemptory instruction, which was overruled. This was not error.

Defendant thereupon in support of its affirmative defense introduced testimony by people approaching from the south, who denied that Mr. Hinton stopped at the intersection. The testimony showed that the collision happened in the east lane of Highway 15, at a

point where the pickup truck was almost across the intersection, and that the pickup truck was struck in the right side behind the wheels. As one of the defense witnesses said, "It hit the pickup truck in the back. end, what would be known as the bed of the pickup." It was misting or raining, late in the afternoon. Hinton had the lights of his truck burning. The Valiant's lights were not burning.

"Court will enforce insurance contracts according to their terms, if not prohibited by law or public policy." Berry v. Lamar Life Ins. Co., 165 Miss. 405, 142 So. 445; suggestion of error overruled, 145 So. 887.

"Parties to a contract have the right to assume or not assume certain risks, and we must enforce contracts as they are written unless they are contrary to the law of the state or to some public policy." Lavender v. Volunteer State Life Ins. Co., 171 Miss. 169, 157 So. 101.

The unlawful acts plead by defendant were violations of our traffic laws as set out in Title 30, Code of 1942, Sec. 8146 of which makes it unlawful and a misdemeanor for any person to do any act forbidden, or fail to do any act required, in that chapter. Sec. 8275 of the Code provides for punishment of misdemeanents for such violations.

A provision similar to that in this policy was recognized by this Court in Lamar Life Insurance Co. v. Bounds, 200 Miss. 314, 25 So. 2d 707. It is generally held to be valid and enforceable. 29A Am. Jur. 327, Sec. 1185. Traffic violations have generally been held to be within the exception of death or injury due to a violation of law. 29A Am. Jur., Sec. 1187, p. 331; Anno., 125 A.L.R. 1105; 166 A.L.R. 1158. Defendant, at the conclusion of all the evidence, requested a peremptory instruction, and after the verdict of the jury had been returned, made a motion for judgment notwithstanding the verdict. Both motions were overruled, and we think correctly so.

 In order to avoid the policy because of a violation of law, the proof must show a substantial causal connection between the violation of the law and the injury. Lamar Life Insurance Co. v. Bounds, supra. In the Bounds case, the exception provided that the supplemental contract should not apply in the case of death resulting from certain specified cause, ". . . . or resulting from or while the insured is engaged in any violation of law; . . ." It was argued that the provision "while the insured is engaged in any violation of law" eliminated the necessity for causal connection between the violation and death. Our Court held otherwise.

 In the case now before us the policy provided that liability would not exist if death resulted from a violation of law. In this connection and in addition to the Bounds case, see 29A Am. Jur., p. 327, Secs. 1185-1186.

In this particular case there was a question for the jury, first, as to whether there was a violation of the law. The testimony for the plaintiff raised an issue of fact as to whether the deceased stopped before entering the intersection and also as to speed with which he approached the intersection. Finally, there was an issue of fact for the jury as to whether, if there were a violation of law, there was a causal connection between such violation and the injury.

 There was no error in submitting the cause to the jury. However, the plaintiff secured an instruction that requires the reversal of the case. Plaintiff obtained an instruction reading as follows:

"The Court instructs the jury for the Plaintiff, Mrs. Alma McSwain Hinton, that before you can return a verdict in this case against the Plaintiff, the Defendant must prove by a proponderance of the evidence each and every material affirmative allegation in its Answer, and you are further instructed that the affirmative al-

legation in the Answer that the deceased Insured, Roland I. Hinton, Sr., wilfully and unlawfully failed to stop in obedience of the stop sign is (sic) erected, is a material affirmative allegation; and the affirmative allegation in the Answer of the Defendant that the deceased Insured, Roland I. Hinton, Sr., failed to yield the right-of-way to through traffic on Highway 15 and did unlawfully continue on into said highway without stopping and into the path of another vehicle is a material affirmative allegation, and the affirmative allegation in the Answer of the Defendant that the deceased Roland I. Hinton, Sr., drove his said vehicle at the time and on the occasion complained of at a fast, dangerous and unlawful rate of speed in approaching said intersection is a material affirmative allegation; that the affirmative allegation in the Defendant's Answer that the deceased, Roland I. Hinton, Sr., at the time complained of, was in violation of the laws of the State of Mississippi, is a material affirmative allegation; that the affirmative allegation of Defendant that Roland I. Hinton, Sr.'s death was caused solely by his own unlawful acts is a material affirmative allegation; that such allegations of the Defendant must be proved by the Defendant by a preponderance of the evidence, and if you believe that the Defendant has failed to prove by a preponderance of the evidence such material affirmative allegations, you will return a verdict for the plaintiff.''

This instruction placed a greater burden on the defendant than did the law. It required it to prove every violation of law alleged in its affirmative defense. One violation, if there were a causal connection between such violation and the death, would have been sufficient. Because of this instruction, this case is reversed and remanded.

Reversed and remanded.

*Lee, P. J., and Kyle, Gillespie and Rodgers, JJ.,* concur.